### STATE v. JOHN P. LINDQUIST.[1]

January 21, 1910.

Nos. 16,444—(26).

**Sale of Intoxicating Liquor — Evidence.**

    The jury found the defendant guilty of keeping an unlicensed drinking place. *Held*, that the defendant had a fair trial, that the court did not err in its rulings or remarks on the admission of evidence, nor in charging the jury that they might take to their room certain exhibits consisting of jugs and bottles in which there was whiskey, and, further, that the verdict is sustained by the evidence.

Defendant was accused in the municipal court of Minneapolis of the offense of keeping an unlicensed drinking place. The case was tried before Charles L. Smith, J., and a jury which found defendant guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Bardwell & Levy,* for appellant.

*Frank Healy,* City Attorney, and *John A. Dahl* and *L. S. Ogden,* Assistant City Attorneys, for the State.

[1] Reported in 124 N. W. 215.

START, C. J.

The defendant was charged in the municipal court of the city of Minneapolis with keeping an unlicensed drinking place. There was a jury trial, a verdict of guilty, followed by a motion for a new trial, and order denying the motion, from which the defendant appealed.

The defendant's first contention is that he did not have a fair trial, in that "the trial court, in its anxiety to convict the defendant, overstepped the bounds of discretion," whereby the defendant was prejudiced. The first specification is to the effect that the trial court failed to caution an alleged eager witness against answering questions until counsel had time to object.

The record with reference to this claim is as follows: "Q. What was the contents? A. Whiskey. (Objected to as incompetent, irrelevant and immaterial, no proper foundation laid, calling for a conclusion, and I move that the answer be stricken out.) Q. Have you examined the contents of this large jug? Mr. Bardwell: Can't we get a ruling on this objection? The Court: Answer stricken out. Q. Have you examined the contents of this large jug? A. Yes, sir. Q. From your examination can you tell what the contents was? A. Yes, sir. Q. What was it? A. Whiskey. Mr. Bardwell: I move that the answer be stricken out. It seems to me the witness ought to be cautioned to give me time to object. The Court: I have cautioned him. The answer may be stricken out. Q. Have you drank whiskey? A. Yes, sir. Q. How long have you been familiar with the taste of whiskey? (Objected to as incompetent, irrelevant, not a proper question. Objection overruled. Exception noted.) A. For some time. If I feel like taking a little drink, I do so. Q. Do you know the taste of whiskey? A. I do. Q. And know the smell of whiskey? A. Yes, sir. Q. Did you taste and smell of the contents of this jug? A. Yes, sir. Q. Now, in your opinion, what was the contents of that jug? (Objected to as incompetent, irrelevant, no foundation having been shown, calling for a conclusion, and, further, that it appears from the evidence that the jug and the contents were not found in the premises described in the complaint.) The Court:

Was the jug found at 4205 Washington Avenue North? . A. Yes, sir. The Court: He may answer it. (Exception noted.)"

The next complaint in this connection relates to remarks made by the trial judge in ruling upon objections to evidence. A witness for the state had given testimony tending to show that men in an intoxicated condition had been seen coming out of the defendant's place of business. On cross-examination he testified that he did not see them go in, and did not then know their condition; and on redirect that he had observed men coming out of defendant's place several times.

Then proceedings were had as follows: "By Mr. Bardwell: Q. Did you ever see a man come out of a place drunk; out of a store? A. Not out of any store out there. Q. You have seen men drunk on the street, haven't you? A. Yes, sir. Q. You didn't know what their condition was when they went in? A. No, sir. Mr. Dahl: There are no saloons in this vicinity? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained.) A. No saloons out there. Mr. Bardwell: An attempt on the part of the prosecuting attorney to prejudice the minds of the jury. The Court: It is along the same line of inquiry as yours. Mr. Bardwell: I object to it as incompetent, and also take an exception to the remarks of the court."

A juror on a former trial of the case was called as a witness for the state; and he gave testimony tending to show that the jugs and bottles, which were exhibits on both trials, were not in any manner tampered with, nor was anything added to their contents, in the jury room. The witness gave no testimony as to their contents. The here material part of the cross-examination was as follows: "Q. But there was something drank, more or less, out of each of the bottles and jugs? A. Yes, sir. Q. By several of the jurymen? A. Well, I couldn't say how many of them. Q. Well, there were several of them, more than one; and you were in there two or three hours, weren't you? A. Well I don't know really how long we were in there. Q. But you took this stuff, these jugs and the contents and the bottles and contents, into your jury room under the order of the court? A. Yes, sir. Q. And the jury were unable to agree? The Court: This

is an improper question, and ought not to have been asked, and is stricken out. It is none of your business, gentlemen of the jury, what the jurymen did in the other case. Mr. Bardwell: I take exceptions to the court's remarks."

The serious charges made by the defendant's counsel in his brief against the trial judge are unsupported by the record, save as herein set forth. The mere reading of the record shows that there is no basis for the charges. It is true, as counsel for defendant claims, that the record does not show that the court formally cautioned the witness; but it does show that the court was under the impression that it had done so, and so stated in the presence of the witness, who must have understood that he must not answer the questions until counsel could object to them; and, further, the answer was stricken out, and thereafter counsel had ample opportunity to, and did, object to the questions. The first remark of the court excepted to was a proper response to the charge made by defendant's counsel. The second remark of the court which is complained of was proper; for the question which elicited it was an attempt to get before the jury a wholly irrelevant matter as a precedent for a disagreement of the jury.

The next assignment of error urged is to the effect that the court erred in receiving evidence showing that the officers, in executing a search warrant for liquors upon the defendant's premises, found three jugs of liquor concealed in the bathroom on the second floor of his premises, occupied by himself and family. The jugs consisted of one five-gallon jug containing some four gallons of whiskey, one two-gallon jug containing a gallon of gin, and a gallon jug containing wine. The defendant was charged with keeping an unlicensed drinking place at No. 4205 Washington Avenue North, which, as the evidence tends to show, includes the entire building, upstairs and down. The evidence also tends to show that the first floor was used as the defendant's place of business, in which there was a small bar, a view of which was shut off from the front of his store and the street; that the first floor was connected with the upper one by a stairway and door; that the second floor was exclusively occupied by the defendant and his family; that when the officers came

to the store to serve the warrant the defendant and his wife were in the store, and she told them that there were no liquors on the second floor, but a search disclosed liquors in the bathroom as stated. There was no contradiction of the evidence to which we have referred, as the defendant offered no evidence, but rested his case upon the state's evidence. The evidence was manifestly sufficient prima facie to justify the court in holding that the place where the liquors were found was a part of the premises to be searched. It follows that the court did not err in receiving evidence as to what was found therein.

The jugs so found in the bathroom, with a quart bottle of whiskey, one other bottle of the same size with some whiskey in it, glasses, measure and funnel, which the evidence tends to show were found in the bar below, all with their contents, were produced in court, identified, and placed upon the table. Thereupon the state closed its evidence as follows: "Mr. Dahl: If the court please, I offer these three samples in evidence, 56, 57, and 58. (Objected to as incompetent, irrelevant, no foundation laid. Objection sustained.) By Mr. Dahl: Q. Are those samples in the same condition now that they were when you received them? A. Except the amount I used for the analysis. Q. The stuff that is in there now is the same as when you received it, excepting what you took out for the analysis? A. Yes, sir. Mr. Dahl: I now offer them in evidence. Mr. Bardwell: Same objection. The Court: They may be received. Mr. Dahl: I offer this large jug, two smaller jugs, two large bottles, and two small bottles, and the glasses, and the measure, and the funnel. (Objected to as incompetent, irrelevant, and no foundation laid. Objection overruled. Exception noted.)"

The court in its instructions stated to the jury that it was proper to take the exhibits with them to the jury room, and expressed the trust that they would conduct themselves properly in connection therewith. The defendant excepted, at the time it was given, to this instruction, on the sole ground "that the contents were not offered or received in evidence in this case." This instruction and the fact that the jury took the bottles with the liquor in them to their jury room are assigned as error. The defendant relies upon the rule that the procuring and use of liquor by jurymen after they retire for

deliberation is such misconduct on their part as to warrant the court in setting aside their verdict. The rule has no application to this case, for there is no evidence that any juror procured and drank any intoxicating liquors. The liquor went to the jury room in the jugs and bottles under the direction and admonition of the court, and there is nothing to show that any improper use of them was made. The objection that the contents of the jug were not formally offered in evidence is too technical for the practical administration of justice.

One of the witnesses for the state, a police officer in whose beat the defendant's premises were included, was asked upon his cross-examination the following question: "Q. Are you familiar yourself with any attempt at the extraction of money from these persons dealing in malt, with the idea of protection from certain city officials? (Objected to as immaterial.) The Court: Objection sustained. Not cross-examination. Exception noted. Mr. Bardwell: I take the position that we can show by this witness and other witnesses that the transaction is not in good faith." This is urged as error for the reasons, in substance, that it was competent to show by the cross-examination "the fact that graft had been solicited from him, and that the officer on the beat was a party thereto, and that the defendant refused to pay, and that the raid and prosecution followed his refusal." It would have been competent, if done in good faith, to have asked the witness if he had ever solicited "graft" from the defendant or was ever a party thereto, for if there were any basis for the question it would affect the credibility of the witness; but neither the question nor counsel's statement contained any suggestion that it was expected to show any improper conduct on the part of the witness. It did not appear upon the face of the question that the evidence sought to be elicited was relevant, nor was there any offer to prove any relevant fact. Therefore the court did not err in sustaining the objection to the question.

The last assignment of error urged is that the evidence is not sufficient to sustain the verdict. Upon a consideration of the evidence we find that it is ample to sustain the verdict, and shows that the defendant had a fair trial.

Order affirmed.