## B. S. Muckenfuss v. The State.

### No. 4529. Decided February 3, 1909.

Rehearing denied March 23, 1909.

**1.—Sunday Law—Increase of Punishment—Similar Offense—Statutes Construed.**

The phrase "same offense" in article 1014, Penal Code, means other offenses of a like character and is not meant to be applied to the same identical offense; and where the defendant was charged with a violation of the Sunday law and that he had theretofore been tried and convicted for an offense of like character, and the court in his charge required upon this issue, in order to assess the increased penalty, that the jury must find that the defendant had been theretofore convicted of a similar offense to the one charged against him, there was no error.

**2.—Same—Evidence—Proof of Former Conviction—Judgment—Corporation Court.**

Upon trial for a violation of the Sunday law and that the defendant had been previously convicted of a similar offense, there was no error in admitting in evidence the memoranda orders of the corporation court showing a previous conviction for a similar offense, and it was not necessary to show that these judgments had been formally entered by said corporation court, as such entry is not required in said court.

**3.—Same—Conviction—Similar Offense—Evidence.**

In a prosecution for violating the Sunday law by opening a public theater on Sunday, etc., and charging previous offenses, it was not necessary in the introduction in evidence of certain memoranda judgments of a corporation court that said judgments should show a conviction for the identical offense of permitting a theater to be opened on Sunday; if the defendant had violated the Sunday law in any of the forms provided by the statute and had been previously convicted therefor he was subject to an increased punishment, and the recital in the corporation court judgment that the defendant had been convicted of a violation of the Sunday law was sufficient.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $200.

The opinion states the case.

*Walker & Williams,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Dallas County at Law with the offense of unlawfully opening and permitting to be opened on Sunday a theater for public amusement. In addition to the usual allegations and statements in the affidavit it was recited, in substance, that appellant had theretofore on, to wit: the 15th day of October, 1906, been tried and convicted in the corporation court of the city of Dallas for an offense of like character as that charged against him in this cause. And also that on the 22d day of October, 1906, he had suffered a similar conviction in said court. On trial appellant was found guilty as charged and his punishment assessed at a fine of $200.

In the charge given by the court, the jury were instructed, in substance, among other things, that if they believed that appellant had been theretofore, as charged, convicted of an offense similar to the one herein laid against him, they would assess his punishment at a fine of not less than $80 nor more than $200. It is evident, therefore, under this charge that, unless the affidavit and information containing averments of former convictions are good under the law, and unless legal proof of such convictions was properly made on the trial, the judgment must be reversed. We think, however, and hold that the affidavit, and information in this respect, are good and the proof offered on the part of the State was both admissible and sufficient to attest the former convictions. Article 1014 of the Penal Code of this State, which applies, to misdemeanors, is as follows: "If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall, on a second conviction, receive double the punishment prescribed for such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased, so as not to exceed four times the penalty in ordinary cases."

Article 1015 of the Penal Code, which refers to felonies, is as follows: "If it be shown, on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

It will be noted in the article of our Penal Code having reference to felonies, that the term "or one of the same nature" appears, which is omitted in the preceding article, having special reference to misdemeanors. It is the contention of the appellant that by contrast and having in mind the omission of the phrase "or one of the same nature" in article 1014 of the Penal Code relating to misdemeanors, it must and should be held that by the words "same offense" is meant not mere similarity but identity of the offense. The phrase "same offense" has not infrequently been construed by the courts of the land. Where this phrase occurs in the provisions of Constitutions, that no person shall be subject, for the same offense, to be twice put in jeopardy of limb or life, is meant to be applied to the same identical offense. Mr. Blackstone says, "The pleas of a former acquittal and former conviction must be upon a prosecution for the same identical act and crime." Commonwealth v. Roby, 29 Mass. (12 Pick.), 496. Again, it is held by the Federal Courts that the words "same offense" within the meaning of the Fifth Amendment of the Constitution of the United States, means one which is the same both in law and in fact. Such also is the construction of our own court. In Hirshfield v. State, 11 Texas Crim. App., 207, it is held the term "same offense" in Constitution, article 1, section 14, providing that no person for the same offense shall twice be put in jeopardy of life or liberty, does not signify the same offense eo nomine, but the same criminal act or omission. However, in respect to a statute similar to our own, a different rule seems to obtain. In re Dougherty, 27 Vt. (1 Williams), 325, it was held that "same offense," as used in the act of 1852 relating to conviction for illegal sale of intoxicating liquor, and authorizing an increased punishment on a second conviction for the same offense, means "similar offense," and not the identical offense for which the first conviction was had, and a conviction in the language of the statute will stand. A somewhat different rule obtains in Massachusetts Com. v. Fontain, 127 Mass., 452. This identical statute, too, has been carefully construed and exhaustively considered in a learned opinion by Judge Henderson of this court, in the case of Kinney v. State, 79 S. W. Rep., 570. In that case it is held for the State to avail itself of Penal Code of 1895, article 1014, authorizing an increase in punishment where defendant has previously been convicted of the same offense, the indictment must aver that defendant had been previously convicted of an offense of like character to that for which he is on trial; and it is not sufficient to allege, in the language of the statute, that defendant has previously been convicted of the "same offense," as the statute does not mean the identical offense, but one of like character; and that this article of our Penal Code, which authorizes an increased punishment, where a defendant has previously been convicted of the same offense, when construed with other provisions of the Penal Code, and the Code of Criminal

Procedure, is a reformatory statute, and does not warrant the cumulation of a number of cases occurring simultaneously, in order to add to the punishment of the case on trial, but contemplates an enhanced punishment for a party who, after one conviction, does not reform, but persists in committing other offenses of a like character.

Objection was also made to the proof on the trial to show the former conviction   The clerk of the corporation court of Dallas was introduced, who produced the records of the cases in which the convictions were alleged to have been obtained.   The entries in respect to these matters were as follows:

"Minutes of the Corporation Court.   15th day of October, 1906. Court met in regular session.   Present and presiding, Hon. H. R. Williams, Judge; John C. Robertson, deputy city attorney; Ben F. Brandenberg, chief of police; .and Frank M. Rainey, clerk.   Whereupon the following proceedings were had:   No. 9225.   State of Texas v. B. S. Muckenfuss.   Charge, violating Sunday law.   Plea, guilty.   Fine, $20."

"Minutes of the Corporation Court.   22d day of October, 1906. Court met in regular session.   Present and presiding, Hon. H. R. Williams, Judge; John C. Robertson, deputy city attorney; Ben F. Brandenberg, chief of police; and Frank M. Rainey, clerk.   Whereupon the following proceedings were had:   No. 9279.   State of Texas v. B. S. Muckenfuss.   Charge, violating Sunday law.   Plea, guilty.   Fine, $20."

It is objected that this proof is insufficient in that there was no testimony in the record of any witness to the effect that any fine was ever paid, or any testimony which showed whether said judgment were ever set aside or not; nor did the record disclose whether an appeal had ever been prosecuted in these cases.   And further that no formal judgment was ever entered up in either of said cases. When this testimony was offered, therefore, counsel for appellant promptly objected to its admission, substantially on the grounds above referred to.   This precise matter has, as we believe, been ruled adversely to the  contention of appellant in the case of Harris County v. Stewart, 91 Texas, 133.   In that case it appears that no judgments of conviction were entered, except the simple notation of "guilty" or "plead guilty," and the fines assessed and costs taxed. The suit involved the right of the city attorney to receive fees in respect to cases in which such informal judgments were rendered. The ordinance touching this matter contained, among other things, the following provision:   "He shall also receive such fees as may be allowed by ordinance."   An ordinance of the city of Houston allowed appellee, Stewart, "a fee of one dollar in each case tried before the recorder for violation of city ordinances; to be taxed against defendants and collected as costs."   It appeared that the parties against whom fines and costs were entered and taxed in the cases referred to in the opinion, were committed by the recorder to the custody of

the county jailor, and were subsequently employed upon the public works of the county, in accordance with the State laws regulating such proceedings concerning county convicts, and they worked out the sums so charged against them. It will be noted that the judgments in the case above referred to were very informal, quite as much so as the ones under discussion in this case. Discussing this matter, in the course of an opinion, Judge Brown says: "No formal judgment was necessary in the justice's court and none would be required in the recorder's court, which must be governed by the same rules of procedure. Any entry showing the result is a sufficient judgment." We think in this case, as the matter is here presented, that the memoranda and records produced in evidence are sufficient to show a conviction. The records do show that a prosecution was, in said court, pending against appellant; they show an appearance for him; they show a plea of guilty by him, and that a fine was assessed against him. It is possible that if the enforcement of that judgment had in these cases been resisted, that some further and more formal entry might have been demanded. But, as presented in this case, the conclusion is irresistible, and the record seems sufficient to attest the fact that there was an adjudication on his plea of guilty, that he was guilty and the assessment of a penalty conformable to the law. We think, having in mind the informal character of proceedings in such tribunals, that they are not courts of record, that they have no seal, that pleadings in them are oral, these entries were sufficient to show a former conviction.

It is insisted, however, most earnestly and with much plausibility, that these records do not show a conviction for the same offense. The charge in these cases was violating the Sunday law. The particular charge here is for permitting to be opened a theater on Sunday. In their brief, counsel for appellant say that this is in no sense the same offense; that the conviction for violating the Sunday law might have been for selling goods on Sunday, laboring on Sunday or running a horse race on Sunday, as well as permitting a theater to be opened. That is true; but in each case there would be a conviction for violating the sanctity of the Sabbath by doing some of the acts named in the particular cases assumed. The statute should receive a reasonable and sensible interpretation. It was meant, evidently, to authorize courts and juries to inflict punishment on persons who had shown a flagrant disregard, or exhibited a contemptuous defiance of the law in respect to particular offenses. There would be no reason why, in respect to violations of the Sabbath, that the court should not be authorized to multiply the punishment whether these violations shape themselves in one rather than some other form. And so in this case, we can see no reason why, if appellant had violated the Sunday law in any of the forms assumed, being similar in character in the sense that they were violations of

the general prohibition against work, labor or the conduct of business on Sunday, he should not be visited with the same punishment.

There are a number of other questions discussed, relative to the charge of the court, and remarks of counsel for the prosecution, which we have carefully considered and with respect to which we think there is no substantial merit. ·

On the whole of the case, we think there is no error requiring a reversal of the case, and it is therefore ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied March 23, 1909.—Reporter.]