## O. F. GOULD v. THE STATE.

### No. 1558.     Decided March 27, 1912.

**1.—Sunday Law—Information—Cumulative Punishment.**

Under Article 1014, Penal Code, where the Legislature provided, which it had the power to do, that in the event of a second conviction, defendant shall receive double the punishment prescribed, and upon a third or any subsequent conviction, the punishment shall be increased to an amount not exceeding four times the penalty prescribed for the first violation, an information, which under proper allegations set forth a violation of said statute, was sufficient on motion to quash. Following Muckenfus v. State, 55 Texas Crim. Rep., 216.

**2.—Same—Evidence—Judgment—Prior Violations.**

Upon trial of a violation of the Sunday Law under Article 1014, Penal Code, alleging prior violations thereof, there was no error in introducing in evidence the judgment entries of the Corporation Court convicting defend-

ant of similar offenses prior to the instant prosecution, although such judgment entries may have been lacking in form. Following Muckenfus v. State, 55 Texas Crim. Rep., 216.

### 3.—Same—Bill of Exceptions—Qualifications.

In order to have revised the action of the trial court in modifying, changing or contradicting a bill of exceptions, the defendant must have objected to such action at the time, and reserved a bill of exceptions thereto, and a failure to do so is tantamount to an acceptance of the altered bill and estops the defendant from further complaint. Following Blain v. State, 34 Texas Crim. Rep., 448.

### 4.—Same—Secondary Evidence—Subpoena Duces Tecum.

Where defendant was prosecuted for running a theater on Sunday, and was notified by a subpoena duces tecum to produce the printed tickets to said theater, there was no error to permit State's counsel to read to the court that part of the subpoena calling upon defendant to produce said tickets, and that secondary evidence would be used in case of default, and permitting the State to introduce evidence that defendant was the agent and employee of the company permitting such public amusement on Sunday.

### 5.—Same—Rule Stated—Secondary Evidence.

While a defendant can not be required to produce a paper or any evidence, yet, when it is in his possession, by giving him notice to produce it, secondary evidence is admissible of the contents if he declines to do so. Following Henderson v. State, 14 Texas, 503.

### 6.—Same—Refreshing Witness' Memory.

Upon trial of a violation of the Sunday Law, under Article 1014, Penal Code, by permitting the running of a theater for admission fees there was no error in permitting testimony as to the character of the entertainment after allowing the witness to refer to his notes, and thus refreshing his memory as to such entertainments.

### 7.—Same—Evidence—Articles of Incorporation.

Upon trial of a violation of the Sunday Law, under Article 1014, Penal Code, there was no error in admitting in evidence the articles of incorporation of the company and its permit to do business, by certified copies from the office of the Secretary of State. Following Gould v. State, 61 Texas Crim. Rep., 195.

### 8.—Same—Evidence—Judgment of Conviction.

Upon trial of a violation of the Sunday Law, under Article 1014, Penal Code, and allegations of prior offenses, there was no error in admitting in evidence a certain judgment of conviction in the County Court, which had never before been used to enhance the punishment in any case, and which was final and not appealed from; it being incumbent on defendant to show that an appeal had been taken.

### 9.—Same—Requested Charges—Bill of Exceptions.

Where the bill of exceptions did not state any reason why the refused requested charges should have been given in a misdemeanor case, the same could not to be considered on appeal. Following Ryan v. State, 64 Texas Crim. Rep., 628.

### 10.—Same—Charge of Court—Misdemeanor.

Where no exceptions were reserved to the charge of the court in a misdemeanor case, the same can not be revised on appeal; besides, the charge of the court was applicable to the facts.

### 11.—Same—Sufficiency of the Evidence.

Where, upon trial of a violation of the Sunday Law under Article 1014, Penal Code, the jury were authorized to find from the evidence that defendant was selling the tickets and distributing the literature as manager of the theater, the conviction was sutained, and it was not necessary to show that

defendant was the active proprietor or agent or employee of the theater company who permitted the theater to be open.

**12.—Same—Charge of Court—Definition of Theater.**

Where, upon trial of a violation of the Sunday Law under Article 1014, Penal Code, the court's definition of a theater was within the definition as laid down by approved legal precedent, there was no error.

**13.—Same—Same Offense—Judicial Construction.**

Where defendant was convicted for a violation of the Sunday Law under Article 1014, Penal Code, and a cumulative punishment assessed for prior violations of similar offenses, it is not necessary to enquire into the fact whether he violated other provisions of the Sunday Law similar in character, as held in the case of Muckenfuss v. State, 55 Texas Crim. Rep., 216.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of a violation of the Sunday Law; penalty, a fine of $200.

The opinion states the case.

*Walker & Williams,* for appellant.—On question of refreshing witness' memory: Watters v. State, 94 S. W. Rep., 1038; State v. Legg, 3 L. R. A. (N. S.), 1152.

On question of introducing judgment entries of former conviction: Ex parte Winford, 85 S. W. Rep., 1146; Terry v. State, 17 S. W. Rep., 1075.

As to question of the meaning of the word, "permit:" Stuart v. State, 60 S. W. Rep., 554.

*C. E. Lane,* Assistant Attorney-General, and *Currie McCutcheon,* Assistant County Attorney, for the State.

HARPER, JUDGE.—Appellant was prosecuted in the County Court of Dallas County at Law under the following information:

"Now comes R. M. Clark, County Attorney of Dallas County, State of Texas, and presents in and to the County Court of Dallas County at Law, State aforesaid, that one O. F. Gould, heretofore on the 16th day of April, A. D. 1911, in the county and State aforesaid, was the agent and employee of the Interstate Amusement Company, a corporation which was then and there the proprietor of a place of public amusement, to wit, a theatre, and he the said O. F. Gould, as such agent and employee did then and there on said last named date, same being Sunday, unlawfully open and permit to be open said theatre for public amusement, and did then and there on said Sunday permit a theatrical performance to be given and exhibited in said theatre for public amusement and for admission to which a fee was then and there charged.

"And the county attorney aforesaid further presents in and to said County Court of Dallas County at Law that heretofore and prior to the commission by the said O. F. Gould of the offense which is here-

inbefore charged against him, he, the said O. F. Gould, was duly and legally on, to wit, the 19th day of December, A. D. 1910, tried upon a complaint then and there legally pending against him in the Corporation Court of the City of Dallas, Texas, and which said court then and there had jurisdiction of the said cause; and the said O. F. Gould was in said court then and there convicted of an offense of a like character as that hereinbefore charged against him in and by this information.    Said cause in said Corporation Court of the City of Dallas, Texas, being upon the docket of said court, numbered 3772."

And then follows additional counts charging that appellant had been convicted of an offense of a like character on the 30th day of December, 1910, and on the 23d day of March, 1911.    He was convicted under all counts, and his punishment assessed at $200.

Appellant filed a motion to quash the information on the ground that "article 1014 of the Penal Code is void on account of being vague, indefinite and uncertain as to the penalty, and that the Legislature did not provide whether the maximum penalty should be twice or four times the maximum penalty, or twice or four times the minimum, or twice or four times any certain penalty between the maximum and minimum penalties, and on the further grounds that the additional counts to the first count in the information did not charge that the offense of which the defendant had been convicted was. the 'same offense' as that charged in the first count."

There are five of these cases pending in this court in which the same question, as to the validity of the information, is involved.    Article 1014 of the Penal Code reads as follows:    "If it be shown on the trial of a misdemeanor that the defendant had been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases; and upon a third or any subsequent conviction of the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

The Legislature, the lawmaking power of the State, has the right to define offenses and affix penalties therefor, and also has the right and power to provide that if a person persists in violating a provision of the Penal Code, that the punishment shall be in a greater amount than for the first violation.    It has the power and the right to provide that a person convicted for the first time of any offense shall be punished in a named way and amount, and if convicted a second time, of that or any other offense, the punishment shall be in a named way or given amount.    This is a power lodged within their discretion, and the only office of the courts is to apply and to enforce the law as they have deemed advisable to enact it.    In providing that any proprietor of any place of public amusement, or the agent or employee of any such person, who shall permit his place of public amusement to be open for public amusement on Sunday, shall be fined in any sum not less than twenty nor more than fifty dollars, and further providing that

in the event of a second conviction, he shall receive double the punishment prescribed, and upon a third or any subsequent conviction, the punishment shall be increased to an amount not exceeding four times the penalty prescribed for the first violation, is but an exercise of the discretion confided to the legislative branch of the government, and with which the courts have no jurisdiction other than to enforce the law as it has been written. The plain construction of the law is that the punishment shall not be less than four times the minimum nor more than four times the maximum.

The court properly overruled the motion to quash the information on the grounds named. The question raised by appellant's motion is fully discussed in the cases of Muckenfuss v. State, 55 Texas Crim. Rep., 216, 117 S. W. Rep., 853, and Kinney v. State, 79 S. W. Rep., 570, and we do not deem it necessary to further discuss it.

2. The first bill of exception relates to the action of the court in overruling the motion for new trial, and each ground thereof will hereinafter be discussed in disposing of the case.

3. In the second bill of exceptions it is urged that the court erred in permitting the county attorney to introduce in evidence the entries on page 444 of the docket and minutes of the Corporation Court of the city of Dallas: "Minutes Corporation Court, 19th of December, 1910. In the city of Dallas, Texas, court met in regular session. Present and presiding Hon. W. L. Mathis, Judge; Hon. C. F. O'Donald; J. W. Ryan, Chief of Police; D. J. Tydings, Clerk. Whereupon the following proceedings were had: "Judge's Orders. The State of Texas v. O. F. Gould, No. 3772, charged with violating Sunday Law; plea of guilty, fined $20." Various grounds were urged to the introduction of this testimony, all of which were passed on by this court in the case of Muckenfuss v. State, 55 Texas Crim. Rep., 216, 117 S. W. Rep., 853, and under the holding of this court in that case, the court did not err in admitting this testimony. The validity of the judgment entry, whether or not it is sufficient in law in that case, is not the question, the question in this case being: had the defendant been convicted of a similar offense prior to this prosecution, and, if so, the judgment entry would be but evidence of that fact, and any legitimate testimony would be admissible to prove that fact, and even though the judgment entry should be lacking in form, it would be admissible in evidence to prove that he had plead guilty to a similar charge.

4. In the next bill of exceptions it is complained that Deputy Sheriff Edling was permitted to testify in answer to the questions: What was printed on the tickets you saw at the Majestic Theatre on April 16, 1911?" And "What was on the electric sign outside of the theatre on April 16, 1911?" Also "Was there a bulletin board at and in front of the Majestic Theatre on April 16, 1911, and if so, what was on it?" When the questions were propounded to Mr. Edling the defendant objected on the grounds that the answers to them would be second-

ary evidence, and the court sustained the objection; whereupon the
State offered in evidence a subpoena duces tecum wherein the sheriff
of Dallas County was "authorized and commanded to summon O. F.
Gould (defendant) and which commanded that he bring with him
six downstairs tickets, used on the following dates, one of which was
the date on which this defendant was being prosecuted for permitting
the theatre to be open, and programmes used for each of said dates,
*or secondary evidence will be introduced on the trial of this case.*"
The defendant then objected to the introduction of this subpoena on
the various grounds named in the bill of exceptions, the court, in
approving said bill, stating:

"The county attorney did not read to the jury this subpoena duces
tecum, but to meet the defendant's objections, read to the court that
part of the subpoena issued in this case to produce in open court at
this trial said tickets, or on failure to do so secondary evidence would
be used. The defendant did not request the retirement of the jury
while the court was satisfying himself that the county attorney had
made due efforts to secure tickets used on the 16th day of April, 1911,
at the Majestic Theatre. The county attorney in no manner attempted
to compel defendant to give evidence against himself, but used this
means to show his efforts to obtain the right to use secondary evidence.
The evidence was admitted for the purpose of showing proprietorship
in the Interstate Amusement Co. Not only did these tickets show
this, but several programmes gotten at this theatre by the witness,
Edling, on dates shortly prior to this date, showed that the Interstate
Amusement Co. was the proprietor of this theatre; on page 4, section
2 of this bill, defendant says it is impossible to have produced these
tickets and gives his reasons.

"The court is of the opinion that the billboard could not have been
brought into court as same was too large. This applies to the electric
sign also."

The defendant accepted the bill as thus qualified, and files the same.
It has been held by this court in the case of Blain v. State, 34 Texas
Crim. Rep., 448, that in order to have revised an appeal the action of
the trial court in modifying, changing or contradicting a bill of ex-
ceptions, the defendant must have objected to such action at the time,
and have reserved a bill of exceptions to such alterations of his orig-
inal bill. A failure to do so is tantamount to an acceptance of the
altered bill, and estops defendant from further complaint in the mat-
ter. (For other authorities so holding see section 861, White's Ann.
Code of Criminal Procedure.) It is thus seen the only part of the
subpoena read to the court by the State was that part relating to the
production of the tickets, etc., or on failure to do so, secondary evi-
dence would be introduced, when the court permitted the witness to
answer: "The ticket I saw had printed on it, 'Majestic Theatre, In-
terstate Amusement Company, Proprietors. April 16, Dress Circle,
fifty cents. Good on this date only.'" After the people bought these

tickets they would be turned over to the ticket taker and the people would go inside the theatre. On the outside of the theatre was an electric sign "Majestic Theatre," and there was also a bulletin board, which gave the programme for that date. It said: "Majestic Theatre. Commencing Sunday, April 16," and at this juncture the State offered in evidence the following portion of the programmes:

"Majestic Theatre, Interstate Circuit, Dallas, Texas. Week of December 11. Interstate Amusement Company, Proprietors. Karl Hoblitzelle, Pres.; B. S. Muckenfuss, Booking Mgr. Booking and operating the following theatres: Ft. Worth, Dallas, Houston, etc. Local Staff, O. F. Gould, Manager; Chas. Oliver, Treasurer." "I got this programme on Dec. 11, 1910.

"At this juncture counsel for the State offered and read in evidence to the jury a portion of a programme as follows, to wit: Majestic Theatre. Interstate Circuit. Dallas, Texas. Week of February 19. Interstate Amusement Company, Proprietors. Karl Hoblitzell, Pres.; B. S. Muckenfuss, Booking Mgr. Booking and operating the following theatres: Ft. Worth, Dallas and Houston, etc. Local Staff, O. F. Gould, Manager; Chas. Oliver, Treasurer. I got this program Feb. 19, 1911.

"At this juncture counsel for the State offered and read in evidence to the jury a portion of a programme as follows, to wit: 'Majestic Theatre. Interstate Circuit. Dallas, Texas. Week of February 12. Interstate Amusement Company, Proprietors. Karl Hoblitzelle, Pres.; B. S. Muckenfuss, Booking Mgr. Booking and operating the following theatres: Ft. Worth, Dallas, Houston, etc. Local Staff, O. F. Gould, Manager; Chas. Oliver, Treasurer.' I got this program on Feb. 12, 1911.

"At this juncture counsel for the State offered in evidence and read to the jury a portion of the programme as follows, to wit: 'Majestic Theatre. Interstate Circuit. Dallas, Texas. Week of January 8. Interstate Amusement Company, Proprietors. Karl Hoblitzelle, Pres.; B. S. Muckenfuss, Booking Mgr. Booking and operating the following theatres: Ft. Worth, Dallas, Houston, etc. Local Staff, O. F. Gould, Manager; Chas. Oliver, Treasurer.' I got this program Jan. 8, 1911.

"All of the above dates were Sunday."

The witness stated all of the above dates were Sunday. That he attended the theatre and secured the programmes at the Majestic Theatre on those dates.

Appellant's contention is, that by the service of the subpoena duces tecum, and subsequently reading it to the jury, it was an effort to compel the defendant to furnish evidence against himself. Of course, if this was the object, purpose, intent or result of the matter, it can not be done, for a defendant can not be compelled to testify, or furnish evidence against himself. In the case of Downing v. State, 61 Texas Crim. Rep., 519, 136 S. W. Rep., 471, we discussed this question, and there held that a defendant could not be compelled to fur-

nish papers in his possession to be used as evidence against him. Had the court attempted to require Mr. Gould to produce the papers described in the subpoena, it would present reversible error. However, in the same case we held that if a paper is shown to be in the possession of a defendant, secondary evidence would be admissible. In this case it appears these papers were in the possession of defendant as manager of the Majestic Theatre, and when secondary evidence was offered, defendant objected on the ground that it was not the best evidence, which objection was by the court sustained. Then it was the State offered the subpoena giving defendant notice to produce these papers on the trial of this case, or secondary evidence would be offered. Defendant could not be required to produce them, but when proper notice had been served on him, by his failure to do so, secondary evidence of the contents became admissible in evidence, and the court did not err in admitting the testimony. This question is discussed in Garrett v. State, 37 Texas Crim. Rep., 198, and it is held where notice has been given, secondary evidence is admissible. In the case of Thonley v. State, 34 S. W. Rep., 264, Judge Hurt holds that it would have been proper to serve defendant with a subpoena duces tecum, but that notice in the indictment was sufficient to admit secondary evidence of the contents of an instrument. In an early day in this State when the Supreme Court had jurisdiction in criminal matters, in the case of Henderson v. State, 14 Texas, 503, Judge Wheeler laid down the rule which has since obtained in this State, as follows:

"It is now objected to the judgment of conviction upon the first count that the court erred in admitting in evidence the certified copy of the supposed forged deed, because not an examined copy. It was not proposed, primarily, to prove a record, but by means of the record the contents of an original paper in the possession of the party. If the rule respecting the proof of record applies, the evidence was that which the law allows for that purpose, and it was not necessary to bring the record into court or to produce other evidence than that which was produced. The certified copy, in connection with the testimony of the clerk, was the best evidence of the contents of the original which the State could obtain. The testimony of the clerk who recorded the deed and who was the keeper of the record gave the copy introduced all the verity of, and in effect, if not in fact, made it, an examined copy. It is well settled in trials for forgery as well as in other cases that if the original forged paper is lost or destroyed, or in possession of the party who refuses to produce it, secondary evidence of its contents may be received. (3 Arch. Cr. Pl., 555, n. 1, 6 ed.) The next best evidence which the nature of the case admits of and which it is in the power of the party to produce will be admitted. (3 Greenl. Ev., sec. 107; 2 Mason R., 464; 3 C. & P., 591.) Such was the evidence produced in this case, and there was no error in its admission.

"But it is objected that the notice to the defendant to produce the original was not given a sufficient length of time before the trial and upon this point there may be reason to hesitate. The notice was not given until several days after the commencement of the term of the court, and but two or three· days before the trial. Where, upon an indictment for forging a deed, it was proposed to give secondary evidence of it, upon the ground that it was in possession of the prisoner, and he had notice to produce it, but it appearing that the assizes had commenced before the notice was given, the court held that it was not sufficient, and that it ought to have been given a reasonable time before the assizes. (4 Carr & P., 254; 3 Greenl. Ev., sec. 107; 3 Arch. Cr. Pl., 554-555.) If it should appear that the prisoner has destroyed the paper, notice to produce would be unnecessary, for then it would be a nugatory. (Id., and How. v. Hall, 14 East, 276, n.) If, however, the fact of the destruction of the instrument is not clearly proved, and is denied by the prisoner, notice to produce it will not be dispensed with. (Doe v. Morris, 3 Ad. & El., 46.) There are certain exceptions to the rule which requires that notice be given to the party to produce the original when it is in his possession (1 Greenl. Ev., sec. 561), but they are not necessary to be here considered. If the indictment had apprised the accused that the prosecution intended to charge him with the possession of the instrument, it would have brought the case within one of the exceptions to the rule, and notice to produce would not have been necessary. (Ib.) But it did not. He was therefore entitled to notice, and it may admit of a question whether, under the circumstances, the notice was sufficient. (Id., sec. 562, n.) But our opinion upon another question in the case supersedes the necessity of a definite and final opinion upon this point."

It is thus seen that it has always been the law in this State, that while a defendant can not be required to produce a paper or any evidence, yet when it is in his possession, by giving him notice to produce it, secondary evidence is admissible of the contents if he declines to do so. In this case the information having alleged that the Interstate Amusement Company was the ·proprietor of a place of public amusement, a theatre, and that defendant was the agent and employee of such company, and as such agent and employee did open and permit to be opened such place of public amusement on Sunday, this evidence was admissible to prove the allegations of ownership and agency.

5. Appellant in bill of exceptions No. 4 alleges that in detailing the character of entertainment given by the theatrical company on the 16th of April, Mr. Edling read from notes he had made at the time, and to which defendant objected. The court, in approving the bill, states: "The witness, Edling, did not read these notes to the jury or court or any notes to the jury or court. The witness stated that he had been to this theatre so many times that he could not state what he saw on this particular Sunday without permission to refer

to his notes made by him at the time of witnessing this performance. After refreshing his memory by looking at his notes, upon interrogation by the county attorney, he detailed to the jury what he saw occur at the time of the performance. The county attorney did not offer these notes in evidence and they were not introduced." As thus approved the bill presents no error. Luttrell v. State, 51 S. W. Rep., 930; White v. State, 18 Texas Crim. App., 57.

6. The State introduced in evidence the articles of incorporation of the Interstate Amusement Company, together with an application for a permit by said company to do business in this State, and a copy of the permit, all of said instruments being properly certified to by C. C. McDonald, Secretary of State. The articles of incorporation show that it was incorporated in 1905, for a term of fifty years, and the permit was granted in 1905, for a term of ten years. There was no error in admitting this evidence. See Gould .v. State, 61 Texas Crim. Rep., 195, 134 S. W. Rep., 695, and statutes there cited..

7. The State offered in evidence a judgment of conviction in cause No. 368 in the County Court of Dallas County at Law, wherein defendant was convicted of a similar offense and fined $100, to which evidence the defendant objected: (1) "On the ground that said cause No. 368 had once before been used by the State for the purpose of cumulating the penalties; (2) Because it was not a final judgment, in that there was nothing to show that it had not been appealed from to the Court of Criminal Appeals, and nothing to show that defendant had not been granted a new trial in said cause." In approving the bill the court states, that in said cause No. 368 in County Court at Law the State had not plead two former convictions as appeared in the Corporation Court of the city of Dallas. The judgment in cause No. 368 in the County Court was a final judgment, and this cause No. 368 was plead in the information as a predicate for the increased punishment. Appellant cites us to the case of Kinney v. State, 79 S. W. Rep., 570, in which Judge Henderson held that, "Penal Code 1895, article 1014, authorizing an enhanced punishment of one who has been previously convicted of the same offense, but limiting the increase so as not to exceed four times the penalty in ordinary cases, does not contemplate the use of prior offenses to enhance the punishment in a given case more than one time." The facts in this case do not bring the judgment introduced herein within the rule there announced, for the judgment in cause No. 368 had never theretofore been used to enhance the punishment in any case. As to the second objection, the judgment on its face shows to be a final judgment, and if a new trial had been granted or the judgment appealed from, it was incumbent on defendant to show these facts in the bill of exceptions.

8. These are all the bills of exception in the record, except some reserved to the action of the court in failing to give special charges requested. We have carefully read each bill and in none of them is any reason stated why the charges requested should have been given, nor

any suggestion made why the court should have given either of the charges; nor is there anything stated showing wherein the court erred in failing to give such charges or either of them. In the motion for new trial the only reference to the special charges requested is contained in paragraph four of the motion, as follows:

"Because the court erred in failing and refusing to give in charge to the jury as a part of the law of this case defendant's specially requested charges Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, which said specially requested charges were prepared and presented to the court with the request that the same be given as instructions to the jury in this case before the court had read to the jury its main charge."

In the case of Ryan v. State, 64 Texas Crim. Rep., 628, 142. S. W., Rep., 878, the writer expressed his individual opinion, but it was held by the court that when complaint is made of failure to give a special charge, that the reasons why said charge should have been given must be assigned in the motion for new trial, or in a bill of exceptions, and in case it is not done, such ground will not be considered on appeal. For a collation of the authorities see Ryan v. State, supra, and Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884. In accordance with the opinions in those cases we will not review the action of the court in failing to give the special charges requested.

9. In the motion for a new trial complaint is made of the charge of the court in some particulars, however, no exception at the time of the trial was reserved, and this being a misdemeanor, the exception should have been reserved at that time. However, the questions raised by appellant were passed on adversely to his contention in the case of Oliver v. State, decided at this term of the court. The proof in this case shows that defendant was advertised on the programmes as "Manager of the Theatre," the programme further showing that the theatre was owned by the Interstate Amusement Company. That Mr. Karl Hoblitzelle was advertised as president of the company, and the articles of incorporation show he is one of the incorporators. The evidence further shows that in addition to advertising defendant as manager, he was in charge of the ticket office selling tickets of admission to the theatre, one witness testifying to seeing him sell fifteen or twenty tickets on April 16. The court charged the jury:

"Now if you believe from the evidence beyond a reasonable doubt, that the defendant on the 16th day of April, 1911, in said county and State, said day being Sunday, was the agent or employee of the Interstate Amusement Co., a corporation, who was then and there the proprietor of a place of public amusement, to wit, a theatre, and that said defendant as said agent or employee did then and there unlawfully and willfully open and permit to be open said theatre for public amusement, and did then and there permit a theatrical performance to be given and exhibited in said theatre for public amusement for admission to which a fee was then and there charged, then you will

find the defendant guilty. If you believe from the evidence or have
a reasonable doubt thereof, that the defendant was the agent or em-
ployee of said Interstate Amusement Co., then you will acquit the
defendant. . . .

"A theatre is a playhouse, a building for the representation of a
theatrical performance. A theatrical performance is an exhibition
given for the instruction or amusement of the audience and may in-
clude tragedies, comedies, farces and vaudeville performances. An
agent is one who acts for another by authority from him. An em-
ployee is a person who is employed, one who works for wages or a
salary. To permit means to grant permission, to give leave, to grant
express license or liberty to. In all criminal cases the burden of proof
is on the State. The defendant is presumed to be innocent until his
guilt is established by legal evidence beyond a reasonable doubt; and in
case you have a reasonable doubt as to the defendant's guilt you will
acquit him, and say by your verdict 'not guilty.'"

Appellant insists that the evidence does not show that appellant was
the proprietor of the theatre, or that as agent or employee he had
such authority as would justify a finding that he was guilty of opening
or permitting the theatre to be open. A jury would be authorized to
so find from the fact that he was selling the tickets, and in the litera-
ture distributed he was being held out as the manager of this particu-
lar theatre. However, as held in the Oliver case, when the facts
showed; if he was not the proprietor, that he was actively aiding and
abetting in the offense, he would be guilty. The contention of appellant
that he would not be guilty unless he had such relationship to the
theatre that he could have prevented same from being open or could
have prevented the theatre performance being given and a fee from
being charged or he must have had such control of the theatre that he
could have closed same or caused it to be closed, is shown to be a
fallacy by the fact that here is a man who went into the ticket box
and proceeded to sell tickets for an unlawful performance, permitting
himself to be advertised as manager, and while the statute provides
proprietors or agents, yet if the proprietors or agents have parties
engaged with them who are concurrently committing the offense, all
parties concerned are principals, especially in misdemeanors. When
an unlawful act is being done any person who engages therein is guilty
as a principal, and so it would be immaterial what powers they may
have. Articles 74, 75, 76, 77 and 78 Penal Code, and authorities
cited thereunder. See section 681 of Branch's Criminal Law.

The definition of a theatre is within the definition as laid down in
Bouvier's Law Dictionary; in 38 Cyc., p. 253; and in the 28 Am. &
Eng. Ency. of Law, page 116, where a list of authorities will be found
cited.

10. None of the other grounds in the motion present any error.
The charge of the court fully submits all issues arising under the
evidence, and in our opinion the evidence amply supports the verdict.

11. The State's attorney, in the brief filed, joins appellant in insisting that so much of the opinion of this court in the Muckenfuss case, 55 Texas Crim. Rep., 216, 117 S. W. Rep., 853, is wrong wherein it was held:

"It is insisted, however, most earnestly and with much plausibility, that these records do not show a conviction for the same offense. The charge in these cases was violating the Sunday Law. The particular charge here is for permitting to be opened a theatre on Sunday. In their brief, counsel for appellant say that this is in no sense the same offense; that the conviction for violating the Sunday law might have been for selling goods on Sunday, laboring on Sunday, or running a horse race on Sunday, as well as permitting a theatre to be opened. That is true; but in each case there would be a conviction for violating the sanctity of the Sabbath by doing some of the acts named in the particular cases assumed. The statute should receive a reasonable and sensible interpretation. It was meant, evidently, to authorize courts and juries to inflict punishment on persons who had shown a flagrant disregard, or exhibited a contemptuous defiance, of the law in respect to particular offenses. There would be no reason why, in respect to violations of the Sabbath, that the court should not be authorized to multiply the punishment, whether these violations shape themselves in one rather than some other form; and so in this case we can see no reason why, if appellant had violated the Sunday law in any of the forms assumed, being similar in character in the sense that they were violations of the general prohibition against work, labor, or the conduct of business on Sunday, he should not be visited with the same punishment."

As to whether the court was correct in holding that the punishment could be increased in that case whether the convictions were for violations of the same identical provision of the statute, or some other provision of our Sunday laws, it is not necessary for us to decide in this case. It would be proper for the evidence to show that it was for a similar offense and upon objection being made that the judgment of a prior conviction was not for the same offense or offense of the same character, doubtless the court would require proof to be made of such fact by positive testimony or circumstantial evidence, before admitting the judgment in evidence, and the complaint or indictment would be admissible to show that fact. In this case, in objecting to the introduction of the judgment entries in the former cases, no such objection was made, but it seems to have been conceded that the convictions were for opening and permitting a theatre to be opened, and the evidence, if not by positive testimony, yet by circumstances would justify that deduction and conclusion, and the court in his charge instructed the jury that before they would be authorized to increase the penalty, if they found appellant guilty, they must find beyond a reasonable doubt that defendant had been convicted of an offense of a "like character" on the dates named in the information. In this case Mr. Edling

testifies that this defendant is the same person who was convicted in cause No. 368 in the County Court of Dallas County at Law, charged with violating the Sunday law. And Mr. Pierson testifies that defendant is the same person who was convicted in the Corporation Court in cause No. 3772, charged with violating the Sunday law. The programmes and other evidence show that he was local manager of the Interstate Amusement Company running the Majestic Theatre. There is no suggestion that he is or was engaged in any other character of business than managing this theatre, a witness testifying that he had seen Mr. Gould on fifteen occasions since December 1, engaged in selling tickets at this theatre, embracing the time during which the other convictions were had. These and other circumstances, with no evidence in the record suggesting that defendant had been convicted of a different offense on the former occasions, would support a finding that it was an offense of identical character and kind.

The judgment is affirmed.

*Affirmed.*