## O. F. GOULD v. STATE.

### No. 2241.   Decided January 29, 1913.

**1.—Sunday Law—Transcript.**

See opinion suggesting legislation with reference to filing transcript in the Appellate Court.

**2.—Same—Indictment.**

Where, upon trial of a violation of the Sunday Law, the indictment followed approved precedent, there was no error. Following Gould v. State, 66 Texas Crim. Rep., 122.

**3.—Same—Practice on Appeal.**

Where all the questions raised by bills of exception and motion for new trial were decided adversely to appellant in a companion case, they need not be again considered.

Appeal from the County Court of Dallas County at law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of a violation of the Sunday Law; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This is a companion case to those reported in Gould v. State, 65 Texas Crim. Rep., 122, 146 S. W. Rep., 172 and 179, and 147 S. W. Rep., 247, and evidently was tried about the same time as those cases, this one being tried on May 19, 1911. The reason why the transcript was not filed in this court until November 11, 1912—eighteen months after the trial was had,—we do not understand. However, while the law requires that the transcript shall immediately be made out and forwarded to this court, it has been the rule of this court to consider the case regardless of the time in which it may be filed, as the law places the duty on the clerk of the courts to make and forward the transcript, and defendants can not be held responsible for their negligence. This case illustrates the need of some legislation in this regard, if a prompt disposition of the case is desired on appeal. In some instances coming under our notice more than two years elapse after the trial before the transcript is filed; consequently, the delay sometimes complained of is caused by matters which this court has no control of, and if it is desired to secure a more prompt disposition of cases on appeal the law must be changed and time fixed when the transcript must be filed in this court.

The same questions are raised as to the sufficiency of the indictment as were raised in the other cases. For the reasons there stated the court did not err in overruling the motion to quash. Gould v. The State, 66 Texas Crim. Rep., 122, 146 S. W., 172.

All the questions raised in the bills of exception and the motion for new trial in this case were so thoroughly discussed in Oliver v. State, 65 Texas Crim. Rep., 150, 144 S. W. Rep., 604, and the cases against this appellant hereinbefore cited, we merely refer to those cases, as the questions are identically the same. On the authority of those cases, the judgment is affirmed.

*Affirmed.*