(172 App. Div. 733)

## PEOPLE v. BOARDMAN.

(Supreme Court, Appellate Division, Fourth Department.   May 3, 1916.)

1. CRIMINAL LAW ⬤⟶1110(3)—APPEAL—RECORD—EXHIBITS.
   On the district attorney's motion upon the argument on appeal from a conviction of burglary in the third degree, second offense, a copy of an exhibit, being the certified copy of the record of defendant's previous conviction for burglary in the third degree, with a certificate of the county judge attached to the effect that it was a correct copy of the exhibit received in evidence, will be made a part of the record.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2905; Dec. Dig. ⬤⟶1110(3).]

2. CRIMINAL LAW ⬤⟶1202(3)—SUFFICIENCY OF EVIDENCE—SECOND OFFENSE.
   Evidence in a prosecution for burglary in the third degree, second offense, held sufficient to show a former conviction of burglary in the third degree.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3261; Dec. Dig. ⬤⟶1202(3).]

3. CRIMINAL LAW ⬤⟶1202(3)—SECOND OFFENSE—EVIDENCE.
   In view of Penal Law (Consol. Laws, c. 40) § 1941, requiring the court to act in imposing a sentence for a second conviction upon proof of a prior conviction alone, it is not necessary to introduce in evidence the previous indictment.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3261; Dec. Dig. ⬤⟶1202(3).]

4. CRIMINAL LAW ⬤⟶1202(3)—SECOND OFFENSE—EVIDENCE—SHOWING CAUSE AGAINST JUDGMENT.
   In a prosecution for burglary in the third degree, second offense, it was not necessary to show by the record, or otherwise, that upon his former conviction defendant was asked, before sentence, whether he had any cause to show why judgment should not be pronounced against him.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3261; Dec. Dig. ⬤⟶1202(3).]

5. CRIMINAL LAW ⬤⟶1202(3)—SECOND OFFENSE—EVIDENCE—DISCHARGE.
   In a prosecution for burglary in the third degree, second offense, it was not necessary to show that defendant was discharged from imprisonment after the completion of his former term.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3261; Dec. Dig. ⬤⟶1202(3).]

Appeal from Onondaga County Court.

Frank Boardman, alias Frank Wright, was convicted of the crime of burglary in the third degree, second offense, and sentenced to imprisonment in the State Prison at Auburn at hard labor for the term of eight years, and he appeals.   Motion to add exhibit to record granted, and judgment affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Daniel T. Scully and Wright & Scully, all of Syracuse, for appellant.

John N. Mosher and George W. Standen, Dist. Atty., both of Syracuse, for the People.

PER CURIAM.   The case and exceptions as settled and printed does not contain the exhibits introduced in evidence, but the parties

made a written stipulation that the original exhibits should be used upon the argument in this court with the same force and effect as though printed in the appeal book.

[1] A question having arisen upon the argument of the appeal as to the correct form of Exhibit No. 1, being the certified copy of the record of defendant's previous conviction for burglary in the third degree, the district attorney has moved in this court to add to the record a copy of this exhibit with a certificate of the county judge attached to the effect that it is a correct copy of Exhibit 1 which was received in evidence upon the trial. We think this motion should be granted, and the copy exhibit, with the county judge's certificate attached, made a part of the record on this appeal.

[2] It is contended on behalf of defendant that his conviction, from which the present appeal is taken, is erroneous, in that there was no sufficient evidence as to his prior conviction. The indictment charges that defendant on February 7, 1899, at a term of the County Court of Onondaga County, was duly convicted of the felony and crime of burglary in the third degree, committed on the 29th of November, 1898, and that he was duly sentenced on February 17, 1899, upon such conviction, and was imprisoned in Auburn State's Prison at hard labor for a term of four years and four months, and that after his said conviction and sentence, and discharge therefrom, to wit, on January 6, 1915, at the city of Syracuse, he did feloniously and burglariously break into and enter the dwelling house of one Edward J. Burns. We find no exception in the record which raises the question of the sufficiency of the proof of defendant's prior conviction. The witness Austin, who was present at the trial when this former conviction was had, testified that the defendant was placed on trial before a jury for the crime of burglary in the third degree, and convicted by the verdict of the jury, and sentenced by the court on February 17, 1899, to imprisonment in Auburn State Prison for a term of four years and four months. This evidence was received without objection. Thereupon the district attorney offered in evidence a certified copy of the record of conviction to the same effect. The only objection made to this record was that it was "irrelevant, immaterial, and inadmissible, in view of the fact that we are not trying the previous action at this time; also on the further ground that this is a method to influence the jury at this time." No ruling was made upon these objections, except that the court remarked that the objection came rather late, after the evidence was all in and no exception was taken to its admission.

[3-5] We think the evidence was sufficient to show the former conviction, and that it was not necessary to introduce in evidence the previous indictment, in view of the fact that the court is required by section 1941 of the Penal Law to act in imposing a sentence for a second conviction upon proof of a prior conviction alone. Nor do we think it was necessary to show by the record or otherwise that upon the former conviction defendant was asked before sentence was imposed whether he had any cause to show why judgment should not be pronounced against him. Failure to do this may have constituted a basis for appeal from the judgment of conviction, but it is the fact of

conviction rather than its legality that was required to be proved in this case to bring the case within section 1941 of the penal law. Nor was it necessary to show that defendant was discharged from imprisonment after the completion of his term of imprisonment as was formerly the case, owing to the form of the statute at the time of the decision in Wood v. People, 53 N. Y. 511.

Upon the merits, we think the evidence was sufficient to require submission to the jury of the question of defendant's guilt of the crime charged in the indictment, and sufficient to support the verdict of the jury, and that the verdict should not be disturbed upon that ground or as against the weight of the evidence. Nor do we find any ground for disturbing the verdict or the judgment thereon in any of the other points urged by the appellant upon this appeal.

We think the judgment of conviction should be affirmed.