## STATE v. ZOLANTAKIS.

No. 4683.   Decided July 5, 1928.   Rehearing Denied
August 28, 1928.   (269 P. 1006.)

*F. W. James,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for respondent.

THURMAN, C. J.

The defendant was convicted by the verdict of a jury in the district court of Salt Lake county, Utah, of being a persistent violator of the Prohibition Law (Comp. Laws 1917, §§ 3341-3381), and was sentenced to an indeterminate term of imprisonment in the state prison.

The information charged the defendant with "unlawfully, knowingly, and feloniously" manufacturing intoxicating

liquor, to wit, whisky, in Salt Lake county, on September 12, 1927, in violation of title 54, § 3343, Compiled Laws Utah 1917, and section 3345 of said compilation, as amended in Session Laws 1919, c. 66; he, the defendant, theretofore, to wit, on October 9, 1924, having been convicted in the city court of Salt Lake City of having possession of intoxicating liquor, contrary to the statute aforesaid, etc.

The defendant appeals from the judgment, and assigns as error insufficiency of the evidence to connect defendant with the still referred to in the evidence, insufficiency of the evidence of the former conviction and of the record thereof to prove that defendant had been convicted, and that the verdict and judgment are contrary to law.

It is unnecessary to occupy much time and space as to the insufficiency of the evidence to connect defendant with the still in question and the manufacture of liquor as charged in the information. While the evidence is in conflict as to whether the defendant was present at the time and place alleged in the information, there is substantial evidence in the record to sustain the charge that he was, or had been, engaged in the manufacture of intoxicating liquor on the date alleged. The officers on that date raided his premises, and in buildings and structures in close proximity to his residence found a still and paraphernalia connected therewith that was either in actual operation or had just been in operation in the manufacture of liquor. The officers found the door of the house in which the still was situated locked. On attempting to break in, they heard "scuffling" on the inside. One of the officers ran around the house, and testified he saw the defendant "on a dog trot" moving westward, and a few seconds later heard an automobile, "racing its engine, going north on the street," and further stated that he was well acquainted with the defendant. On entering the building, the officer found a 100 or 150 gallon still, cooler, and coil. They detected a strong odor of mash before breaking into the building. In addition to the still they found 35 or 40 gallons of

whisky, and 37 50-gallon barrels of mash. A hose was connected with the still, and also connected with an iron pipe. The pipe led down to a toilet just outside of defendant's residence. On turning a plug in the pipe at or near the toilet, a liquid bubbled up having the odor of whisky, and the pipe was hot—too hot to touch. The process of making whisky appeared to be in actual operation. Some of the liquor, also flasks and kegs, were found in the sheds adjoining the building where the still was found. We think there was substantial evidence to support the charge that defendant was guilty of manufacturing intoxicating liquor.

The hotly contested point, however, and which presents a closer question, is as to the sufficiency of the evidence of a former conviction. The district attorney offered in evidence the following entry from the minute book of the city court of Salt Lake City of date October 9, 1924:

"Entry entitled *State of Utah* v. *Angelena Zolantakes and Peter Zolantakes*, 11851, E. R. Christensen. Court ordered complaint amended by adding name of Peter Zolantakes as one of the defendants. Defendant present without counsel. Complaint read. Plea of guilty entered. It is ordered that the defendant Peter Zolantakes pay a fine of two hundred dollars and be confined six months in the county jail, the jail sentence suspended during good behavior. Defendant paid one hundred dollars of fine, balance to be paid as follows: Fifty dollars November 8th, and fifty dollars December 8th, 1924. Court ordered case against Angelena Zolantakes dismissed."

Also the following entry from the docket of the same court:

"*State of Utah* v. *Angelena Zolantakes and Peter Zolantakes*. September 9th, 1924, filed complaint by C. W. Carlisle charging defendant with the crime of having intoxicating liquor. September 9th, 1924, warrant of arrest issued. September 11th, 1924, warrant filed on return. Attorney for state, E. R. Christensen. September 12th, 1924, bail bond filed $300.00. October 9th, 1924, court ordered complaint amended by adding the name of Peter Zolantakes as one of the defendants. Case called; defendant present without counsel. Complaint read. Defense entered a plea of guilty, wherefore it is ordered and adjudged that the defendant Peter Zolantakes pay a fine of two hundred dollars and serve six months in the county jail; jail sentence

suspended during good behavior. Said defendant paid one hundred dollars fine, balance to be paid as follows: Fifty dollars November 8th, 1924, and fifty dollars December 8th, 1924. Case against Angelena Zolantakes dismissed. File bond for payment of balance of fine. June 6th, 1925, commitment issued."

The defendant vigorously opposed the admission of this evidence. The objections were overruled, and the evidence admitted. It is contended by defendant that, while it appears that an order was made by the court that the complaint be amended making Peter Zolantakis a party defendant, it does not appear that the complaint was so amended.

We are of opinion that in this jurisdiction a sworn complaint is essential to a valid conviction. Compiled Laws of Utah 1917, § 9420, specifically states the requisites of a complaint in a justice's court, and provides that it must be under oath. In determining this question, however, it should be borne in mind that this is a collateral attack upon the judgment of former conviction, and unless it appears that the court rendering the judgment was without jurisdiction, the objection here made cannot be sustained. In 16 C. J. at p. 1342, it is said:

"That the prior conviction was erroneous will not prevent the operation of the statute authorizing a more severe punishment upon a subsequent conviction, unless the court in which the prior conviction was held had no jurisdiction."

The entry above quoted from the city court shows the offense with which the defendant Angelena Zolantakis and Peter Zolantakes was charged. It shows that the complaint was ordered amended, so as to make the defendant here a party defendant. It shows that the defendant was present in court, that the complaint was read to him, and that he pleaded guilty thereto. From this record, in this kind of a proceeding, it certainly should be presumed that the complaint was amended as ordered, and was read to the defendant as amended.

In *Tall* v. *Commonwealth,* a Kentucky case, reported in 110 S. W. at page 425, the Court of Appeals of that state

holds that in a case of this nature all that is necessary to prove are the verdict of conviction, judgment, and sentence.

In *Muckenfuss* v. *State*, 55 Tex. Cr. R. 216, 117 S. W. 853, the evidence offered to prove the former conviction was the minutes of the corporation court, which reads:

"Minutes of the corporation court, 22d day of October, 1906: Court met in regular session. Present and presiding, Hon. H. R. Williams, judge; John C. Robertson, deputy city attorney; Ben F. Brandenberg, chief of police; and Frank M. Rainey, clerk. Whereupon the following proceedings were had: No. 9,279, *State of Texas* v. *Muckenfuss*. Charge, violating Sunday law. Plea, guilty. Fine, $20.00."

The appellate court, in commenting on this evidence (55 Tex. Cr. R. 220, 117 S. W. at page 855), says:

"We think in this case, as the matter is here presented, that the memoranda and records produced in evidence are sufficient to show a conviction. The records do show that a prosecution was, in said court, pending against appellant. They show an appearance for him. They show a plea of guilty by him, and that a fine was assessed against him. It is possible that, if the enforcement of that judgment had in those cases been resisted, some further and more formal entry might have been demanded. But, as presented in this case, the conclusion is irresistible, and the record seems sufficient to attest the fact, that there was an adjudication, on his plea of guilty, that he was guilty, and the assessment of a penalty conformable to the law. We think, having in mind the informal character of proceedings in such tribunals, that they are not courts of record, that they have no seal, and that pleadings in them are oral, these entries were sufficient to show a former conviction."

In *Gould* v. *State*, 66 Tex. Cr. R. 122, 146 S. W. 172, a case similar in nature to the case at bar, the evidence of former conviction consisted of minutes of the corporation court, which read as follows:

"Minutes Corporation Court. 19th of December, 1910. In the City of Dallas, Tex. Court met in regular session. Present and presiding Hon. W. L. Mathis, Judge; Hon. C. F. O'Donald; J. W. Ryan, Chief of Police; D. J. Tydings, Clerk. Whereupon the following proceedings were had: Judge's orders. *The State of Texas* v. *O. F. Gould*, No. 3,772, charged with violating Sunday law; plea of guilty; fined $20.00."

In *People* v. *Adams,* 95 Mich. 541, 55 N. W. 461, the fourth headnote reads:

"In a prosecution for a second offense under the local option law, the record of the first conviction, which remains unreversed, is admissible, even though a void sentence was imposed."

It is doubtful if the case last cited should be approved in this jurisdiction. We cite the case to show the length to which some courts have gone in this class of cases.

In 16 C. J. p. 1342, note 86, it is said:

"Where accused appears and pleads to an information for petit larceny in the police court, in which information it is alleged that it is made on the oath of a person named therein, and is convicted, he cannot afterward, when indicted for petit larceny as a second offense, be heard in such collateral proceeding to deny the legal sufficiency of the information on the ground that it was not sworn to, or to claim that his arrest for the first offense was illegal."

In *Wilde* v. *Commonwealth,* 2 Metc. (Mass.) 408, the following rule is announced by Chief Justice Shaw:

"Some objections were taken to the validity of this judgment on the information, arising from alleged errors and defects in the judgments therein set forth as the basis of a judgment for additional punishment. But we are of opinion, that the validity of such previous judgments is not open to consideration on the information. Such judgments must be taken to be valid, until reversed for error. It is, therefore, not necessary to set forth the full and entire record of such previous conviction in extenso; it is sufficient to set it forth with such particularity as to identify it, and indicate the nature and character of the offense charged, and to set forth the sentence or judgment, with so much exactness, as to show that it was such a conviction as brings the convict within the law providing for the additional punishment sought for by the information."

In *Kelly* v. *People,* 115 Ill. 584, 4 N. E. 644, 56 Am. Rep. 184, the Supreme Court, in a case of this nature, held that the judgment of a former conviction of robbery and sentence for one year in the penitentiary was not void, notwithstanding the defendant had pleaded not guilty, waived trial by jury, and was tried to the court. It is doubtful if this court

would go to that extent. The doctrine, however, seems to have the approval of Judge Cooley, Const. Lim. (5th Ed.) p. 590. See, also, *People* v. *Boardman*, 172 App. Div. 733, 159 N. Y. S. 577.

Some of the cases cited go so far as to hold that it is not proper in these cases to read in evidence the complaint, indictment, or information upon which the former conviction was had, as it is calculated to prejudice the minds of the jury.

Other objections to the record evidence of the former conviction are urged by defendant, going to the question of regularity only. They were not jurisdictional. The cases above cited dispose of objections of this nature against defendant's contention.

In this case, in addition to the evidence already referred to, other evidence was admitted to prove that the defendant was the person that had been formerly convicted. There is also evidence tending to show that defendant was absent from Salt Lake City when his wife Angelena was arrested; that he returned to the city, surrendered himself to the officers, and assumed responsibility. His conviction followed in the manner and form stated.

The judgment of the trial court is affirmed.

CHERRY, STRAUP, HANSEN, and GIDEON, JJ., concur.