THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK EGITTO, Appellant, against J. VERNEL JACKSON, *as Warden of Clinton Prison*, Respondent.— Appeal by the relator from an order of the Clinton County Court dismissing a writ of habeas corpus and remanding him to the custody of the Warden of Clinton Prison. The relator was indicted for robbery, first degree; grand larceny, first degree and assault, second degree. He pleaded guilty to the crime of robbery, second degree, armed and on June 6, 1951 was sentenced by the Kings County Court as a second felony offender to an indeterminate term of not less than 12½ nor more than 25 years. The relator had been convicted in 1946 of robbery, second degree, unarmed. The relator maintains that the Kings County Court was without power to sentence him as a second felony offender in that on his prior conviction he was not asked by the clerk, pursuant to section 480 of the Code of Criminal Procedure, whether he had any legal cause to show why judgment should not be pronounced against him. It appears from the copy of the clerk's minutes appearing in the respondent's brief that the relator was asked upon his prior conviction if he had any legal cause to show why judgment should not be pronounced against him. These minutes are not, however, in the record and it does not appear that they were considered by the court below. Nevertheless the dismissal of the writ of habeas corpus must be affirmed. Assuming that the question had not been asked of the relator on his prior conviction that would only have affected his sentence and not the judgment of conviction. Although the sentence is sometimes said to be the judgment of conviction in a criminal case it was stated in *People* v. *Sullivan* (3 N Y 2d 196, 199): "When an improper sentence is the sole basis of the complaint, no vacatur of the judgment of conviction or adjudication is necessary, since justice may be done by correction of the sentence". In *People* v. *Boardman* (172 App. Div. 733, 736) where the defendant, who had been sentenced as a second felony offender, was complaining that he had not been asked on his prior conviction whether he had any cause to show why judgment should not be pronounced against him the court said: "Failure to do this may have constituted a basis for appeal from the judgment of conviction, but it is the

fact of conviction rather than its legality that was required to be proved in this case to bring the case within section 1941 of the Penal Law." Thus despite the alleged error the relator was properly sentenced on his subsequent conviction as second felony offender. Order dismissing writ of habeas corpus unanimously affirmed. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.