THE STATE OF KANSAS, *Appellee,* v. F. M. ADAMS, *Appellant.*

No. 18,358.

SYLLABUS BY THE COURT.

1. LIQUOR LAWS—*Punishment of "Persistent Violators"—Former Conviction before Law Became Effective.* Under chapter 165 of the Laws of 1911, providing a punishment for persistent violators of the liquor law, it is not necessary that the former conviction which aggravates the second offense should occur subsequent to the date upon which the statute became effective (May 22, 1911).

2. ——— *Statute Constitutional—Is Supplemental Legislation.* The act referred to contains but one subject, which is clearly expressed in its title, and is supplemental legislation.

3. ——— *Same.* Former conviction of crime is a sufficient basis for the classification of offenders with respect to the severity of the punishment they shall receive.

4. TRIAL—*Instructions—Finding Liquors in Dwelling House.* Under the facts stated in the opinion it was not error to refuse an instruction that the mere finding of intoxicating liquor in the defendant's possession in his dwelling house would not alone be *prima facie* evidence that such liquors were kept for unlawful purposes.

Appeal from Shawnee district court, division No. 1. Opinion filed May 10, 1913. Affirmed.

*W. I. Jamison,* and *Otis E. Hungate,* both of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted and sentenced as a persistent violator of the liquor law under chapter 165 of the Laws of 1911, which reads as follows:

"An Act providing a punishment for persistent vio-
      lators of the prohibitory liquor law.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1.    Any person or persons who having
once been duly convicted of the violations of the pro-
hibitory liquor law and who shall thereafter directly or
indirectly violate the provisions of the prohibitory
liquor law shall be considered a persistent violator of
the prohibitory liquor law and shall be deemed guilty
of a felony, and upon conviction thereof shall be im-
prisoned in the State Penitentiary at hard labor for
not more than one year.

"SEC. 2.    A true copy of the journal entry of judg-
ment, or of the docket or other proper court record,
showing the former conviction of the defendant from
any district court, justice court, or city court, within the
state of Kansas, supported by a certificate or affidavit
of its authenticity, shall be *prima facie* evidence of a
former conviction of the defendant.

"SEC. 3.    This act shall not affect offenses committed
prior to the passage of this act, nor prosecutions in-
stituted or to be instituted pertaining thereto, and this
act shall be construed only as supplemental to existing
legislation.

"SEC. 4.    This act shall take effect and be in force
from and after its publication in the statute book."
(May 22, 1911.)

The information charged that the defendant unlaw-
fully and feloniously maintained a liquor nuisance from
July 4, 1911, to December 27, 1911, and that he had
theretofore, on April 9, 1908, been convicted of selling
intoxicating liquor and of maintaining a common nui-
sance contrary to the provisions of the prohibitory law.
The contention is that the information did not state a
public offense under this act, the argument being that
both elements of persistent violation, conviction of an
initial offense and subsequent violation, must occur
after the passage of the act.

Section 1 of the statute relates to prospective in-
fractions of the liquor law by persons previously con-
victed of the same kind of delinquency.    Section 3 re-

fers to unpunished offenses committed before the statute was enacted. Upon such offenses the statute has no retroactive effect, and breaches of the liquor law committed before the statute became operative must be prosecuted as if the statute were not in existence. Section 3, however, does no more than to preclude *ex post facto* applications of section 1. It does not restrain the effect of the statute upon violations of the liquor law committed subsequent to May 22, 1911. Breaches of the liquor law occurring subsequent to the enactment of the statute may be committed by two classes of persons, first violators and persistent violators. If such a breach be committed by one of the latter class the date of his previous conviction is not material. It is enough that, having once been convicted, he reëngaged in his practices after the law took effect, and the crime is a felony.

The defendant argues that everybody knows the law could not operate on offenses completed by a second violation committed before the passage of the act and hence that section 3 can have no rational purpose except to wipe out the past and give all violators of the liquor law a fair start under the new act. It is a matter of common knowledge that before the passage of the act of 1911 the punishment provided for infractions of the liquor law had not been sufficient to drive certain individuals, well known in their respective communities, out of the liquor business, and the legislative design was, in part, to make use of the records already established against these individuals should they persist in their nefarious conduct. It seems to have been easier for the draughtsman of the bill to foreclose an interpretation which would discredit the law by inserting section 3 than by improving the phraseology of section 1.

The act embraces but a single subject, which is expressed with sufficient clearness in the title, and the act is plainly supplemental legislation as section 3 declares.

The State v. Adams.

It does not change any existing statute so that such statute needs reënactment to embody the law. It merely provides an adequate punishment for a certain class of liquor law violators not previously discriminated. Former conviction of crime is a sufficient basis for the classification of offenders with respect to the severity of the punishment they shall receive.

"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." (*Graham v. West Virginia*, 224 U. S. 616, 623.)

The state did not rely for a conviction upon the mere finding of intoxicating liquor in the defendant's dwelling house and he was not entitled to an instruction, which he requested, segregating that single fact from all others and declaring its evidential value. While the finding of intoxicating liquor in the possession of a defendant in his dwelling house may not, standing alone, warrant an inference that such liquors are kept for unlawful purposes, in almost every case the finding occurs under conditions inseparably attending it by which the possession must be interpreted. The kinds and quantity of liquor found, where and how kept or stored or concealed, the general appearance of the place, the conduct and demeanor of the defendant when his dwelling is raided, and numerous other facts suggest themselves which necessarily render an instruction of the kind referred to academic. In this case there was evidence of numerous sales of liquor by the defendant, of the drinking of liquor upon his premises, several barrels of empty beer bottles were found, and there were many other incriminating facts.

The judgment of the district court is affirmed.