No. 19,253.

THE STATE OF KANSAS, *Appellee*, v. GARFIELD WATSON,
*Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAWS—*The Words "Violations" and "Provisions" in
Section 1, Chapter 165, Laws of 1911, Construed.* The words
"violations" and "provisions" contained in the first section of
the act providing for punishment for persistent violators of
the prohibitory liquor law (Laws 1911, ch. 165) include the
singular number of the words mentioned.

2. SAME—*Trial—Bottles Sent to Jury Room—Not Error.* A
compliance with a request of the jury that bottles of liquor
in evidence should be sent to the jury room is held not to
afford sufficient grounds for reversal in the situation stated
in the opinion.

Appeal from Geary district court; ROSWELL L.
KING, judge. Opinion filed July 7, 1914. Affirmed.

*James A. McClure,* of Topeka, and *W. S. Roark,* of
Junction City, for the appellant.

*John S. Dawson,* attorney-general, and *William W.
Pease,* county attorney, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This appeal is from a conviction for
persistent violation of the prohibitory liquor law.

On a motion to quash the information it was con-
tended that the act under which the prosecution was
instituted (Laws 1911, ch. 165) is unconstitutional
because the subject is not clearly expressed in the
title. The act was assailed upon the same ground in
*The State v. Adams,* 89 Kan. 674, 132 Pac. 171; *The
State v. Schmidt,* ante, p. 457, 140 Pac. 843, and *The
State v. King,* ante, p. 669, 141 Pac. 247, but was held
valid.

The defendant alleges that the act ·is void for in-
definiteness "in that it does not prescribe the number

of 'provisions' violated subsequent to a previous conviction which is to constitute a person charged thereunder with being a 'persistent violator;' nor the number of previous 'violations' of the prohibitory liquor law for which a person charged with being a persistent violator must have been convicted."

Section 1 of the act provides that:

"Any person or persons who having once been duly convicted of the violations of the prohibitory liquor law and who shall thereafter directly or indirectly violate the provisions of the prohibitory liquor law shall be considered a persistent violator of the prohibitory liquor law."

It is argued that the expression "violations of the prohibitory liquor law" include only persons who have violated all the provisions of the law. It will not be so held. If any statutory authority is needed to construe the plural here to include the singular, it is found in subdivision 3 of section 9037 of the General Statutes of 1909.

At the time of the arrest the officer took into his possession a bottle of liquor which the defendant had just sold and two others found concealed on his person. These bottles were introduced in evidence on the trial. While the jury were deliberating, the defendant being absent in jail but his attorney being present, the jury in a written request asked for the bottles. The court called the attention of the county attorney and the attorney for the defendant to the request and asked if there were any objections. The attorney for the defendant gave a negative answer, and humorously suggested that a corkscrew be sent along. The bottles were then sent to the jury unopened and with the seals unbroken. They bore the labels of a certain brand of whisky, reciting that it had been bottled in bond. On the hearing of the motion for a new trial members of the jury testified that a bottle was opened in the jury room and that jurors tasted and smelled of its contents. The abstracts show that the three bottles

with the labels upon them were identified and intro-
duced in evidence and there was no claim that they did
not contain whisky.

It has been held in several cases that it is not error
in prosecutions for selling liquor to allow the jury to
take bottles offered in evidence to the jury room.
(*State v. Lindquist*, 110 Minn. 12, 124 N. W. 215;
*Phillips v. The State*, 156 Ala. 140, 47 South. 245.)

In *State v. Teale*, 154 Iowa, 677, 135 N. W. 408, it
was held that it was proper to allow a skull showing
the location of an injury to be taken to the jury room.
That was a prosecution for murder. Contrary rulings
have probably been made, but the question to be
decided here is whether, if it should be conceded that
there was error in sending the exhibits to the jury
room in the absence of the defendant, his substantial
rights were affected. The statute provides that this
court must give judgment without regard to technical
errors or defects or exceptions which do not affect
substantial rights. (Crim. Code, § 293.)   The district
court, in denying the motion for a new trial, stated
that it should be overruled under the circumstances.
The circumstances were shown by the evidence. If it
was undisputed that the contents of the bottles were
true to the labels and contained whisky—and it is not
contended or suggested otherwise—no prejudice to
substantial rights is shown. The situation presented
does not afford grounds for reversal.

The judgment is affirmed.