No. 25,577.

THE STATE OF KANSAS, *Appellee,* v. FRANK PARISE, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Justice of Peace May Amend His Docket Entries to Correct Mistakes.* It is competent for a justice of the peace, upon a proper showing, to amend his docket entries in order to correct mistakes, supply omissions and make his records accord with the proceedings actually had and the judgment actually pronounced.

2. SAME—*Persistent Violation of Liquor Law—Statute of Limitation Has No Application to Time of Former Conviction.* A prosecution for the persistent violation of the prohibitory liquor law may be maintained although the former conviction occurred more than two years before the repeated and later offense. The statute of limitations on prosecutions for public offenses has no application to the time of the former conviction.

The State v. Parise.

3. SAME—*Evidence Sustains Verdict and Judgment.* Evidence examined and held to be sufficient to sustain the verdict and judgment.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion filed November 8, 1924. Affirmed.

*C. B. Skidmore,* and *Leo Armstrong,* both of Columbus, for the appellant.

*Charles B. Griffith,* attorney-general, *Donald W. Stewart,* assistant attorney-general, and *R. E. Rosenstein,* of Baxter Springs, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is another prohibitory liquor case and the errors assigned in it differ little from the questions raised in other cases that have been reviewed on appeal.

Defendant was charged with and found guilty of unlawfully keeping and having intoxicating liquor in his possession on September 15, 1923. It was alleged and shown that about five years before the commission of that offense he had been convicted of a violation of the prohibitory liquor law, and because of the prior conviction the punishment imposed on him for the violation in this case was imprisonment in the penitentiary for a period of one year.

He complains first of the admission in evidence of the transcript from a docket of a justice of the peace which recited the former proceedings and judgment of conviction. One ground of complaint is that the justice of the peace had amended his docket entry about five years after the previous conviction. It appears that the amendment was made in the presence of defendant, pursuant to a motion filed by the state in his court, and that it was made in order to speak the truth as to the proceedings had in the case and to show that the defendant had pleaded guilty to a violation of the liquor law, and that judgment was entered on that plea. It was competent for the justice of the peace to amend his record in order to correct mistakes, supply omissions and thus make it speak the truth. (*Hanlin v. Baxter,* 20 Kan. 134; 15 R. C. L. 674.) Other proof besides that of the amended record was offered to show the previous conviction, and presumably there were good grounds for the amendments made. There is no contention now that the amended record does not accord with the proceedings actually had nor with the judgment which was actually pronounced. Even if the amendment could be said to have been erroneously made, it would only be regarded as a step in the prior prosecution and not a pro-

ceeding in the present case, and would only be open to a review of the former case.

There is a further insistence that, granting the competency of the record evidence received, it showed that the offense charged was committed more than two years before the present prosecution was commenced, and therefore is within the bar of the statute of limitations. Defendant bases this contention on the ground that the first conviction is a part of the offense charged in the present case, and that as the conviction occurred about five years before this prosecution was begun, the bar was effective. The former conviction cannot be regarded as a degree of later violations of the prohibitory liquor law, nor is it such a part of the later violations that it must have occurred within the two-year period of limitations to warrant a prosecution. Speaking of this limitation it has been said:

"Of course the state could not go further back than two years, except as to the fact of former conviction," etc. (*The State v. Schmidt,* 92 Kan. 457, 461, 140 Pac. 843.)

In the later proceeding the defendant is not prosecuted for the violations in the first. Evidence of a former conviction tends to show an existing condition, and is not strictly a part of the criminal act. A former conviction gives the defendant a status and a classification, and the statute relating to persistent violations prescribes a severer punishment for offenders of that class. A former conviction furnishes a good basis for the classification and the heavier punishment. A persistent violator is not punished, as we have said, a second time for the earlier offense, but the legislature has determined and declared that repeated violations justify the heavier penalties. (*The State v. Adams,* 89 Kan. 674, 132 Pac. 171.) The overt and illegal act in the second charge is of itself an offense; it constitutes a violation regardless of a former conviction, but the statute provides that proof of the offense being shown, and it further appearing that it is a second or later violation, the heavier penalty is prescribed. In *The State v. King,* 92 Kan. 669, 141 Pac. 247, a reference was made to the provision for punishment of persistent violators, and it was said:

"Strictly speaking, the act does not create a new felony. It merely provides a severer punishment for persistent offenders."

In *The State v. Schmidt,* supra, in speaking of the severer prosecutions it has been said:

The State v. Parise.

"They relate to separate crimes. The issues are not identical. Neither offense includes the other offense. In each information an act which constitutes an indispensable element of the crime is necessary to conviction which is different from any act necessary to conviction under the other. All the evidence necessary to prove the first charge would not establish the second, and all the evidence necessary to prove the second charge would not establish the other." (p. 459.)

While this quotation relates specifically to the first prosecution and adjudication being a bar to a second, it treats of the nature of the prosecutions and has some application to the limitation bar. The fact that the former conviction of defendant occurred more than two years before the commencement of the present prosecution is not a bar to the maintenance of the latter.

There is also a contention by defendant that the evidence is not sufficient to sustain the charge that he had intoxicating liquor in his possession. It is abundantly sufficient to show not only that he had corn whisky in his possession, but also that he sold a pint of it to another and received $2 for it. Attention is called to the inconsistency of the jury in disregarding the testimony as to the sale, while holding defendant guilty of the possession of the liquor. It is true that he escaped conviction for the sale, but, as has been said:

"The compassion or clemency of the jury in allowing the defendant to escape on some charges which the evidence appears to show warranted a conviction is no ground for overthrowing the conviction upon another charge which is also well supported by the evidence." (*The State v. Caldwell,* 115 Kan. 374, 377, 223 Pac. 299.)

Judgment affirmed.