No. 26,283.

THE STATE OF KANSAS, *Appellee,* v. CHARLES COLOPY, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Persistent Violators—Identity.* In a prosecution of one Charles Colopy upon a charge of a violation of the prohibitory law after having previously been convicted of a like offense, sufficient evidence to warrant a finding of his identity with the defendant in the former case is afforded by entries on the docket of the justice of the peace in that connection describing the accused as Charles Colopy and Charles W. Colopy, although in the complaint he was called C. W. Colopy.

2. SAME—*Persistent Violators—Limitation of Actions.* In a prosecution upon a charge of a violation of the prohibitory law by one who had already been convicted of a like offense the statute of limitation runs from the time of the later violation of law and is not affected by the time the earlier offense was committed or conviction for it had.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 6, 1926. Affirmed.

*Dempster O. Potts* and *R. G. Bennett,* both of Wichita, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *R. H. Beebe,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles Colopy appeals from a conviction of violating the intoxicating liquor law after having been convicted of a like offense.

1. He contends he was not shown to be the same person who had been previously convicted. He was prosecuted in the present case under the name above given. The defendant in the earlier case was described in the complaint, as shown by entries in the docket of the justice of the peace, as C. W. Colopy. But he was described as Charles Colopy in the sheriff's return on the warrant and as Charles W. Colopy in the recital of his plea of guilty and in the sentence. This is sufficient to show *prima facie* that the first name of the person proceeded against in the earlier case was Charles, and a presumption on that account may be indulged that he is the defendant in the present action. (*State v. Bizer,* 113 Kan. 731, 216 Pac. 303.)

2. The defendant also asserts that the present action is barred by the statute of limitation (R. S. 62-503) because it was begun

Criminal Law, 16 C. J. pp. 1341 n. 73, 1345 n. 39. Intoxicating Liquors, 33 C. J. p. 800 n. 89.

more than two years after the first conviction. This is not a proceeding to punish the defendant for the prior offense. His previous violation of the law forms no part of the act for which he is now prosecuted. It places him, however, in a class which is subject to a more severe punishment than first offenders, and has no connection with the running of the statute of limitation for a later offense. (*State v. Adams*, 89 Kan. 674, 132 Pac. 171, and cases cited in *State v. Briggs*, 94 Kan. 92, 95, 145 Pac. 866, especially *State v. Schmidt*, 92 Kan. 457, 140 Pac. 843.)

The judgment is affirmed.