No. 27,730.

THE STATE OF KANSAS, *Appellee*, v. FELIX WINTERS, *Appellant*.

(260 Pac. 617.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS — *Preliminary Examination — Evidence of Persistent Violation.* In a prosecution for violation of the prohibitory liquor law, the proceedings considered, and *held:* (*a*) it was not error to sustain the state's demurrer to defendant's plea in abatement; (*b*) the evidence was sufficient to sustain a verdict against the defendant of being a persistent violator of the prohibitory liquor law.

2. SAME—*Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 5, 1927. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *H. V. Howard,* county attorney, and *George McNeish,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Felix Winters appeals from a conviction on one count of unlawfully having possession of intoxicating liquor; on a second count of having sold intoxicating liquor, and on both counts of being a persistent violator of the prohibitory liquor law.

The defendant contends that he had no preliminary examination on the second count. He was charged therein with having sold intoxicating liquor in January, 1927, and "having theretofore, on the 22d day of August, 1925, in the justice court of J. W. Martin, a justice of the peace in and for the city of Winfield, Cowley county, Kansas, been convicted of a violation of the prohibitory liquor law of the state of Kansas.".

It appears that the words, "in and for the city of Winfield," got into the original complaint, warrant and information through a

Criminal Law, 16 C. J. p. 1345 n. 39; 17 C. J. pp. 356 n. 12, 368 n. 5.

typographical error. They were not observed by the state at the time of defendant's preliminary examination, no question being raised by defendant at that time. After the information had been filed by the state, the mistake was discovered, and on motion by the state the superfluous words were by the court stricken out. The defendant thereupon filed a plea in abatement, contending that he had had no preliminary examination on the second count as it then stood. The record shows that the defendant pleaded guilty before J. W. Martin, justice of the peace in and for Arkansas City, Cowley County, Kansas, in August, 1925. The defendant, and able counsel representing him, both knew the justice of the peace referred to was one in and for the city of Arkansas City in Cowley county, so that defendant was in no way injured or prejudiced by the clerical error.

A contention that the judgment of defendant's former conviction was not sufficiently shown cannot be sustained. The abstract before us shows the testimony of J. W. Martin, justice of the peace.

"Q. Have you a record of a conviction of one Felix Winters, some place? A. Yes, sir: the 63d page.

"State offers in evidence the permanent record of the justice of the peace, J. W. Martin, entitled 'Criminal docket' page 63, more particularly the case of the *State of Kansas v. Felix Winters,* wherein Felix Winters pleaded guilty to the possession of intoxicating liquor. That is offered as to the first count of this information.

"Court: All right.

"State now makes the same offer as to the second count of the information.

"The defendant objects for the reason that he has had no preliminary hearing as to the second count.

"Court: You don't object to the competency of the record?

"Mr. Hines: I am not objecting to the competency of the record. I am objecting to the competency of what the record says.

"Court: Because of the fact that you claim he didn't have a preliminary?

"Mr. Hines: Yes, because the preliminary was on a different proposition. It is admitted that this record shows that he plead guilty to having liquor in his possession, in Martin's court, August 22, 1925."

The abstract also shows the following admissions by the defendant:

"Q. You were arrested in August, 1925? A. Yes, sir.

"Q. And you plead guilty? A. Yes, sir: plead guilty.

"Q. Who arrested you at that time? A. John Morain.

"Q. How many jugs of liquor did you have at that time? A. I think three.

"Q. You have been arrested in Oklahoma for possession of liquor, haven't you? A. Yes, sir.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. Did you run away from down there while you were serving time? A. Yes, sir.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. You got thirty days and two hundred dollars down in Oklahoma? Defendant objects for the reason that it is immaterial. He has admitted that he was convicted.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. You got thirty days and two hundred dollars? A. Yes, sir.

"Q. You appealed to the criminal court of appeals in Oklahoma? A. Yes, sir.

"Q. The case was affirmed, was it not? A. I suppose it was."

A technical objection that admission of a conviction was not sufficient in showing the judgment was rendered cannot be sustained. A record and admission of previous conviction under the prohibitory liquor law presupposes entry of the judgment of conviction. Failure of the court to enter a judgment of conviction might be shown in defense. The evidence adduced in the instant case was sufficient to support the jury's verdict that defendant was a persistent violator. (See, *State v. Bizer*, 113 Kan. 731, 216 Pac. 303; *State v. Colopy*, 120 Kan. 220, 242 Pac. 1016.)

The contention is made that the court erred in receiving the verdict of the jury finding the defendant guilty of two distinct offenses; that is, that he was convicted of being a persistent violator on both counts of the information, also that he was sentenced for both offenses. The defendant appears not to have been prejudiced in anywise for the reason that the sentences (one year on each count) were made to run concurrently.

Various other objections to the judgment have been considered, but none are sufficient to warrant a reversal.

The judgment is affirmed.