(No. 5582. July 2, 1930.)

STATE, Respondent, v. WALKER HOLDER, Appellant.

[290 Pac. 387.]

A. L. Morgan, for Appellant, cites no authorities on points decided.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

VARIAN, J.—Defendant was convicted of violating the prohibition laws as a second offender, and appeals from the judgment. The evidence taken at the trial is not before us, the attack centering upon a construction of the statute authorizing a penitentiary sentence in the case of second offenders.

The charging part of the information reads as follows:

"Wherefore, I, Abe Goff, Prosecuting Attorney of Latah County, State of Idaho, by this Information, do accuse the defendant, Walker Holder, of a crime against the State of Idaho, to wit: Being a Persistent Violator of the State Prohibition Act, a felony, committed as follows, to wit: That in Latah County, State of Idaho, and on or about the 17th day of December, 1929, the defendant, Walker Holder, then and there being, did then and there willfully, knowingly, unlawfully, and feloniously have in his possession intoxicating liquor, to wit: Whiskey; and that prior to said date and on the 13th day of November, 1928, the said Walker Holder was convicted in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Latah, of an offense against the State Prohibition Act, other than Section 2622, to wit: Sale of Intoxicating Liquor; all of which is contrary to the form, force, and effect of the statute," etc.

C. S., sec. 2625, as amended, Sess. Laws 1925, chap. 61, p. 89, reads:

"A person having once been convicted of a violation of any of the provisions of this article, except Section 2622, who thereafter violates the provisions hereof, shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not less than two years nor more than five."

C. S., sec. 2625, as originally enacted (Sess. Laws 1915, chap. 11, sec. 19, p. 46), contained the expression, "shall be considered a persistent violator of this article and shall be," before the words, "deemed guilty of a felony," etc. The amendment of 1925 struck out all reference to "persistent violator," simply naming the offense as a felony punishable in the penitentiary.

It will be noted that the information describes the offense in the language of the statute before its amendment, charging defendant with the crime of "being a persistent violator of the State Prohibition Act, a felony." The facts constituting the offense being sufficiently stated in the information, the mere giving of an erroneous appellation to the offense is immaterial. (*State v. Altwatter*, 29 Ida. 107, 157 Pac. 256; *State v. Curtis*, 29 Ida. 724, 161 Pac. 578.)

Defendant pleaded not guilty, and that he had already been convicted of the offense charged in the information.

The first point urged is that the information fails to state an offense, in that one of the principal elements of the offense charged is shown to be barred by the statutes of limitations. Appellant's theory is that C. S., sec. 2625, as amended, states a different offense from that of possession of intoxicating liquor, which is declared a misdemeanor; that it purports to state a felony, one of the elements of which is a prior conviction, which in the present case occurred more than a year before the present offense was committed or information filed, and therefore the statute has run as against the said element. We cannot agree with this view. The statute purports to punish the second offense as a felony. When the evidence shows a present

violation, say for unlawful possession of intoxicating liquor, and also a previous conviction for a violation of the prohibitory law, the penalty is increased as for a felony to imprisonment in the state penitentiary; that is, the penalty for possession is assessed as for a felony. It is necessary that both elements, the former conviction and the present offense, should be pleaded and proven to sustain a judgment under C. S., sec. 2625. (*State v. Dunn,* 44 Ida. 636, 258 Pac. 553.) If the proof is not sufficient to establish a former conviction, but ample to sustain the subsequent offense, a defendant may be convicted, under the same information, of that offense, and punished as for a misdemeanor, since it is embraced within the charge. (*State v. Bruno,* 69 Utah, 444, 256 Pac. 109.) There can be no conviction unless defendant is found guilty of the subsequent offense. As has been said in construing similar acts, it is the second offense that is punished, not the first. (*Moore v. State,* 159 U. S. 673, 16 Sup. Ct. 179, 40 L. ed. 301; *McDonald v. Commonwealth,* 180 U. S. 311, 21 Sup. Ct. 389, 45 L. ed. 542 (546); *Graham v. State,* 224 U. S. 616, 32 Sup. Ct. 583, 56 L. ed. 917 (921); *Tucker v. State,* 14 Okl. Crim. 54, 167 Pac. 637; 16 C. J., p. 1339.) The statute of limitations not having run against the subsequent offense, it is immaterial that it may have run against the first offense of which he was convicted. (*State v. Buttignoni,* 118 Wash. 110, 203 Pac. 76; *State v. Colopy,* 120 Kan. 220, 242 Pac. 1016; note, 58 A. L. R. 58.)

██ As to the plea of former conviction: The statute, in effect, increases the severity of the punishment when the same or a similar offense is committed the second time. It is not a second punishment for the same offense, but an increase of punishment for the subsequent offense. (8 R. C. .L., p. 272, sec. 286; 1 Bishop on Criminal Law, 9th cd., pp. 713, 714.) Having formerly been convicted of the offense of unlawfully selling intoxicating liquor, defendant, on being prosecuted for the subsequent offense of unlawful possession of intoxicating liquor, was not put twice in jeopardy for the same offense (*State v. Adams,* 89 Kan.

674, 132 Pac. 171; *State v. Moore*, 121 Mo. 514, 42 Am. St. 542, 26 S. W. 345, affirmed, *supra*, 159 U. S. 673, 16 Sup. Ct. 179, 40 L. ed. 301; *Ingalls v. State*, 48 Wis. 647, 4 N. W. 785; note, 58 A. L. R. 23), and the former conviction is not a bar to the present prosecution in the instant case.

Appellant argues that, having been convicted in the instant action of the crime of unlawful possession of intoxicating liquor, as defined in C. S., sec. 2628, as amended, Sess. Laws 1925, chap. 61, p. 89, he can only be punished by a fine of not to exceed $300, or imprisonment in the county jail for not to exceed six months, or both, that being the penalty imposed by said section; that the provisions of C. S., sec. 2625, as amended, making a second offense punishable as a felony, come in direct conflict with the penalty imposed by the section first mentioned, and therefore C. S., sec. 2625, is void. If we read the entire article 2, relating to penalties for violations of the prohibition law, it is apparent that no such conflict occurs. Violations of the provisions of article 2, chapter 125, Compiled Statutes, generally are punished as misdemeanors. Upon a second conviction of any of these violations, except that of drinking in a public place, etc. (C. S., sec. 2622), the punishment is increased to imprisonment in the penitentiary. Statutes providing for an increased penalty in the case of second offenders are uniformly upheld. (*Moore v. State, supra;* 16 C. J., p. 1339, sec. 3151; 8 R. C. L., p. 271, sec. 284; 6 R. C. L., p. 300, sec. 286; note, 58 A. L. R. 20 et seq.)

Appellant earnestly contends that C. S., sec. 2625, as amended, is void for uncertainty. It reads in part:

"A person having once been convicted of a violation of any of the provisions of this article, except Section 2622, who thereafter violates the provisions hereof, shall be deemed guilty of a felony," etc.

It is argued that this section must be strictly construed, being a criminal statute, and, construing it literally, it would be necessary to violate not less than two or all of

the provisions of said article 2 before the defendant could be prosecuted as a second offender under C. S., sec. 2625, as amended.

The legislative intent must control our interpretation of the act, as determined from the title and the language of the act itself. (2 Lewis' Sutherland on Statutory Construction, 2d ed., secs. 363, 366, 410; 36 Cyc., pp. 1106–1108; 25 R. C. L., p. 961, sec. 217; *United States v. Katz,* 271 U. S. 354, 46 Sup. Ct. 513, 70 L. ed. 986; *Cyrus v. State,* 195 Ind. 346, 145 N. E. 497.) The title of the amendatory act of 1925, among other things, states that the act amends certain sections of the statute relating to the prohibition law and provides for "an increase in the punishment for a second offense." We are admonished by C. S., sec. 9456, that, in construing the words of a statute, we must construe the plural to mean the singular. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410.) And on a civil appeal, this court said:

"We are entitled to and must look to the intention of the Legislature as gathered from the whole act, and when a literal reading of a provision will work an unreasonable or absurd result, if a reasonable intent of the Legislature can be arrived at, the court should so construe the act as to arrive at such intention rather than an absurdity. To accomplish this purpose, words may be changed, not to legislate, but to arrive at what the Legislature intended to enact. 'Especially will this be done when it is necessary to prevent a law from becoming a nullity.' (25 R. C. L., pp. 975, 976, sec. 225.)" (*Smallwood v. Jeter,* 42 Ida. 169 (184), 244 Pac. 149, 153.)

The supreme court of Kansas, in construing a statute similar to the one under consideration, providing that one "having once been duly convicted of the violations of the prohibitory liquor law, and who shall thereafter . . . . violate the provisions of the prohibitory liquor law," shall be punished as a persistent violator, etc., held that the statute would sustain a conviction of one subsequently vio-

lating a single provision of said law. (*State v. Watson*, 92 Kan. 983, 142 Pac. 956.)

In construing a highly penal statute of the state of Missouri compelling railroads to erect and maintain passenger waiting-rooms or stations at points where one railroad crosses another, and imposing penalties for failure to comply therewith, Brewer, Circuit Judge, said in answer to an objection like that urged here:

"The statute says a refusal to comply with the conditions subjects to the penalty. . . . . It is a penal statute with mandatory provisions, and obviously the Legislature meant, and its language fairly construed implies, that a disobedience of any one of these provisions subjects the delinquent to the penalty." (*State v. Kansas City, Ft. S. & G. R. Co.*, 32 Fed. 722 (726).)

An act contained seven sections. (Ark. Gen. Acts, 1921, Act 324, p. 372.) Section 6 provided that "any person who shall violate sections 1, 2, 3, and 4 of this act shall be guilty of a felony," etc. It was contended that defendant could not be convicted under this statute unless he violated all four sections thereof. In denying this construction, the court said:

"We think Section 6 should not be so construed, and that its proper construction, to give effect to the manifest intent of the Legislature, requires the word 'and' in Section 6 to be read as 'or.' Each of the first four sections of this act defines certain actions which are denounced as unlawful, and it is quite obvious that the Legislature intended to make all the actions defined in each of said sections, respectively, unlawful. Each section of the act is complete in itself, and while it would not be impossible for a person to violate all the provisions of sections 1, 2, 3, and 4, it would be a strained construction of the act to say that a completed crime was not committed until all four sections had been violated. It is a settled rule of construction that a statute must be read as a whole to ascertain its meaning, and to give effect to the meaning of a statute thus ascertained courts are quite frequently required to eliminate

or to substitute words for those employed by the Legislature.'' (*Clark v. State*, 155 Ark. 16, 243 S. W. 865, 866.)

To give the statute under consideration the literal interpretation contended for would lead to an unreasonable, if not absurd, result, and render C. S., sec. 2625, as amended, nugatory. The obvious intention of the legislature was to punish a second violation of any of the provisions of art. 2, chap. 125, C. S., except C. S., sec. 2622, by imprisonment in the penitentiary for not less than two nor more than five years. We are not here concerned with the harshness of the law, its policy or the motives of the legislature in enacting it, but, having determined the legislative intention from the act itself, we must interpret it accordingly.

Judgment affirmed.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.