## STATE v. FLORENCE.
No. 5143. Decided March 4, 1932. (8 P. [2d] 621.)

*Dawson & Latimer,* of Salt Lake City, for appellant.

*Geo. P. Parker,* Atty. Gen., and *L. A. Miner,* Deputy Atty. Gen., for the State.

STRAUP, J.

The defendant was convicted of the crime of a persistent violator of our liquor laws, a felony, and was sentenced to an indeterminate sentence in the Utah State Prison, and appeals. A complaint was filed against him in the justice's court of Davis county in September, 1929, wherein it was alleged that he, in violation of the statute (Comp. Laws Utah 1917, § 3341 et seq., as amended), in July, 1928, unlawfully, knowingly, and feloniously had in his possession intoxicating liquor, three pints of whisky, and that prior thereto in July, 1924, in the city court in Salt Lake county, he was convicted of transporting intoxicating liquors. As a result of the preliminary hearing given him, the justice held the defendant to answer to the district court only for having intoxicating liquor in his possession, which is only a misdemeanor, and certified and transmitted his record to the district court. There the district attorney in due time filed an information in which it was alleged that the defendant by a committing magistrate having been held to answer "this charge" is accused of a "felony," in substance alleging what was alleged in the complaint before the committing magistrate. The defendant, by his counsel, moved to quash the information on the ground, among other grounds, that the information charged a felony when the magistrate found that only the offense of having possession of intoxicating liquor had been committed and probable cause for believing the defendant had committed it, a misdemeanor, and that the magistrate had no authority to hold the defendant to answer to the district court for a misdemeanor, and that the commitment to so answer in the district court was void and of no legal effect. The motion was resisted by the district attorney. The court held that the magistrate had bound the defendant over to answer only to the misdemeanor, and was not bound over to answer the felony charge set forth in the information, and thereupon announced that the state proceed "to prosecute the case as a misdemeanor," the only offense for which the defendant

was held to answer. That the district attorney declined to do, whereupon the court quashed the information and discharged the defendant. That proceeding is designated as case No. 27.

Thereafter a second or further preliminary examination was held before the magistrate on the same complaint theretofore filed before the magistrate. As a result of that examination the magistrate held the defendant to answer the charge of a felony as in the complaint alleged and transmitted the record of the proceedings to the district court. There the district attorney in due time filed another information charging the defendant with the crime of a felony in substantially the same language as was charged in the complaint before the magistrate and as was charged in the first information in case No. 27. The proceeding in which the second information was filed is designated as case No. 52. To that information the defendant pleaded not guilty, once in jeopardy, and that the quashing of the information in the first proceeding, in case No. 27, in effect was a dismissal of the misdemeanor charge of having possession of intoxicating liquor, and that such misdemeanor charge was an indispensable essential to the felony charge, and that it was the identical misdemeanor charged in both informations; and, upon such ground, among other grounds, the defendant also moved to quash the second information. The motion was overruled.

At the conclusion of the state's evidence the defendant put in evidence the record of the proceedings of case No. 27. It was admitted and it was stipulated that the acts and transactions charged in the information of case No. 52, upon which the defendant was convicted, were the same and identical acts and transactions charged in the information of case No. 27; and at the close of all the evidence the defendant, among other grounds, requested that a verdict of not guilty be directed on the ground presented by his special pleas and upon the refusal of the court to so charge presented requests to charge with respect to such special pleas.

All that was refused. On the contrary, the court withheld from the jury such special pleas and directed the jury to wholly disregard them.

All these rulings are complained of. In support of the defendant's contentions he refers to Comp. Laws Utah 1917, § 9348, which, in substance, provides that the court upon its own motion or upon the application of the district attorney and in furtherance of justice may order an information or indictment to be dismissed; and to section 9350, that an order of dismissal of an action, etc., "shall be a bar to any other prosecution for the same offense, if it is a misdemeanor; but shall not be a bar if the offense is a felony." Thus it is argued that, when the district court in case No. 27 directed the district attorney to proceed and to prosecute the case on the misdemeanor upon which the defendant was held to answer and upon the refusal of the district attorney to do so the court quashed the information and discharged the defendant, such ruling and disposition of the case worked a dismissal of the misdemeanor and barred any other prosecution for such misdemeanor or for any higher offense in which such misdemeanor was not only necessarily involved, but also was an absolute essential to the higher offense or felony charge of a persistent violator of the liquor laws. In other words, the contention is that to charge and maintain the felony charge of a persistent violator it was an absolute essential to also charge and maintain the misdemeanor charge, and, if the latter is barred, so of necessity must also the former or higher charge be barred, for, without the misdemeanor, the higher charge of felony has no existence. To support such views the defendant cites Bishop New Criminal Law, § 1057; State v. Mowser, 92 N. J. Law, 474, 106 A. 416, 420, 4 A. L. R. 695, and notes; People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81; and State v. Durbin, 32 Wash. 289, 73 P. 373. In the Mowser Case it is stated:

"When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or

conviction of an offender for the lesser offense will bar a prosecution for the greater."

A similar statement is made by this court in the case of the *State* v. *Cheeseman,* 63 Utah 138, 223 P. 762, which also is referred to and relied on by the defendant. The other cited cases, in the main, are also to that effect. If the effect of the ruling made by the court in case No. 27 was, as is claimed by the defendant, a dismissal of the misdemeanor, we think there would be much force to the defendant's position.

On the other hand, it is argued by the state that the quashing of the information in case No. 27 was the setting aside of an information charging a felony and not a misdemeanor, and that jeopardy does not attach to such a dismissal, except on a valid information or indictment and a jury impaneled and sworn to try the issue. We are not here concerned with the applicability of such views, for, confining our decision to the particular facts and condition of the record before us, as we do, we are of the opinion that the binding over of the defendant by the magistrate to the district court on only a misdemeanor conferred no jurisdiction on the district court to hear and try the misdemeanor, or to authorize the district attorney to file an information on such a binding over; hence the court properly quashed the information, not because the district attorney refused to go forward with the prosecution, but because the court was without jurisdiction; and therefore no dismissal of the misdemeanor resulted barring another prosecution of the felony charge. Thus no error was committed by the trial court in case No. 52 in refusing to charge with respect to or withholding from the jury the special pleas.

It further is contended that the felony charged in the complaint before the magistrate and in the information upon which the defendant was tried and convicted was barred by the statutory period of limitation, which is four years. The misdemeanor charged, the possession of intoxicating liquors, was within the four-year

period from the filing of the complaint before the magistrate. The alleged prior conviction of the offense in the city court in Salt Lake county, transporting intoxicating liquors, was not within the four-year period, but, as alleged and proved, was more than five years, and was so stated in the information upon which the defendant was tried and convicted. It thus is contended that, to properly charge and maintain a prosecution of a felony of a persistent violator, the conviction of the prior offense as well as the charge of the subsequent offense must be within the four-year period from the filing of the complaint charging the felony before the committing magistrate. The authorities, *State* v. *Holder*, 49 Idaho 514, 290 P. 387; *State* v. *Buttignoni*, 118 Wash. 110, 203 P. 76; *State* v. *Colopy*, 120 Kan. 220, 242 P. 1016, 58 A. L. R. 58; and In re *Miller*, 110 Mich. 676, 68 N. W. 990, 34 L. R. A. 398, 64 Am. St. Rep. 376, and notes, make against the contention of the defendant. The reasons therefor are there stated, and need not here be repeated. We also so hold, and thus overrule that assignment.

Complaint also is made of insufficiency of the evidence to sustain the verdict. One of such grounds is that the evidence is insufficient to show the commission of the subsequent offense, the misdemeanor, the possession of intoxicating liquors, and especially to show that the ■ liquors, in the language of the statute, Comp. Laws Utah 1917, § 3343, were "knowingly" in the possession of the defendant. The defendant contends, and it is not disputed by the state that to show that the accused, in violation of the statute, "knowingly" had possession of intoxicating liquors, it is necessary to show something more than merely finding intoxicating liquors on the premises of the accused, but that the state also must show by facts or circumstances that the accused had a conscious possession of them and the actual control, care, or management of them. *Blakemore on Prohibition* (3d Ed.) § 370; *State* v. *Metz*, 107 Kan. 593, 193 P. 177; *State* v. *Johnson*, 39 Idaho, 440, 227 P. 1052; *State* v. *Muetzel*, 121 Or. 561, 254 P. 1010; *City of Jackson* v.

*Gordon,* 119 Miss. 325, 80 So. 785. And to that effect are the decisions of this court. *State* v. *Brown,* 71 Utah 381, 266 P. 716; *State* v. *Flint,* 72 Utah 167, 269 P. 476.

The evidence in such particular shows the defendant was operating a fruit, ice cream, and soft drink stand in Davis county, along the main and a much-traveled highway between Salt Lake and Ogden. The stand was a small frame building in two sections. In the one part were the fruit and in the other the ice cream, candies, and soft drinks. The stand was similar to those frequently seen along much-traveled highways or thoroughfares. A nephew of the defendant, a young man about 35 years of age, at times helped the defendant in operating the stand, and at other times others helped him. Both the defendant and his nephew were frequently seen about the stand, and both waited on customers. On the day in question, when the sheriff and his deputy entered the stand, both the defendant and his nephew were about it. The officers testified they did not then see any one else about the stand; at least did not notice any one else. When the officers entered the stand, the sheriff picked up a paper sack which contained three full pint bottles of whisky standing on the floor behind the counter of one of the sections of the stand. As he did so, the defendant stated that the sack was left there by "one of my best friends." With respect thereto, the sheriff was asked, and he answered:

"Q. Was he (defendant) there at the time you came in there? A. Yes.

"Q. You state you had a conversation with the defendant in which he stated that he was operating the stand? A. Yes, sir.

"Q. Tell us substantially about that conversation? A. When we picked up the liquor, Mr. Florence made the statement that it was left there 'by one of my best friends.' We talked about it and I asked Mr. Florence if he was in charge of the stand and he said yes.

"Q. Was that the substance of it? A. Yes, sir."

That the bottles contained whisky or brandy and thus intoxicating liquors was clearly shown. That, in substance, is all the evidence bearing on this particular phase of the

question. The sheriff did not testify that he then took the bottles out of the sack, or that he or the defendant or any one then made any statement that the contents of the bottles were whisky or brandy or other intoxicating liquors. The deputy sheriff testified he merely looked in the sack and saw that the bottles were full and that the bottles and contents in the sack taken away by the sheriff were the same as the bottles and contents which on the trial were introduced in evidence as exhibits. In other words, other than finding the bottles in the sack behind the counter on the floor of the stand there is no direct evidence that the defendant knew the contents of the sack or of the bottles. The state argues that the statement of the defendant when the sack was picked up by the sheriff was enough to show the defendant's knowledge of the contents of the sack. Whether that be so or not, still from all of the testimony referred to it was within the province of the jury to find that the defendant knowingly was in possession of the liquor, especially when there was no evidence to show that the sack with its contents was left with the defendant by another, other than the statement made by the defendant at the time the sack was picked up, which statement was merely explanatory of the defendant's possession, and for that reason, though competent to put in evidence, yet, in the main, was merely self-serving. It may be that, if there had been undisputed evidence of the fact that the sack with its contents was left with the defendant by another, a different question might be presented. We here have no such evidence. No witness testified to such fact other than the statement made by the defendant when the sack was picked up. So must we also overrule this assignment as to insufficiency of the evidence as to the defendant's possession of the liquor.

We now come to a more serious question, which also goes to the question of insufficiency of the evidence to support the verdict and the ruling in receiving in evidence the certified copy of the docket record of the prior conviction. To convict the defendant of the crime of persistent violator, the state, of course, was required to prove a

prior conviction of the violation of the liquor laws of the state. It is urged that was not done. The statute, Comp. Laws Utah 1917, § 3345, in such particular provides:

"* * * It shall be the duty of the presecuting attorney, in all cases, to the best of his ability, to ascertain whether or not the defendant has at any time been convicted of any violation of any of the provisions of this title, and if so, such fact shall be set out in the complaint, and the said prosecuting attorney shall, at the trial of such second or subsequent offense, introduce in evidence a certified copy of any or all such prior judgments of conviction, which shall be sufficient evidence of any such prior convictions. * * *"

We have another statute, Comp. Laws Utah 1917, § 8844, under our Criminal Procedure Code, which provides that:

"In pleading a judgment or other determination of, or proceeding before, a court or officer of special jurisdiction, it shall not be necessary to state the facts constituting jurisdiction; but the judgment or determination may be stated as given or made, or the proceedings had. The facts constituting jurisdiction, however, must be established on the trial."

The rule is general and so well settled that no authorities need be cited in support thereof, that in courts of inferior or limited jurisdiction no presumption of jurisdiction is indulged, and that the record of such a court, especially of such a criminal court, must show such facts as confer jurisdiction. And that is the clear purport of the statute. To prove the prior conviction of the defendant, the state put in evidence a certified copy of the docket record of the city court of Salt Lake county in which court it was alleged and claimed the defendant, prior to the commission of the alleged offense of possession of intoxicating liquor, was convicted of the offense of transporting intoxicating liquor. The record in such particular, after stating the title of the city court, and the cause as the State of Utah v. Max Florence and Another, recites:

"Proceedings.

"1924.

"July 7 Filed complaint of Geo. Knepp, charging defendant with the crime of transporting intoxicating liquor.

"July 7 Warrant of arrest issued.

"July 9 Warrant filed on return. Bail fixed at $300.00 each.

"July 8 Defts. appeared without counsel, complaint read.
Deft. Max Florence entered a plea of guilty.
Deft. Alvine LeRoy entered a plea of not guilty.
Case continued to Wednesday, July 9, 1924 at 2 P. M.

"July 9 Filed subpoena on return.

"July 9 Deft. Max Florence appeared with counsel for sentence, having been regularly set for this day. The court thereupon ordered that said deft. pay a fine of $299.00 and be confined in the county jail 6 months. Jail sentence suspended. Stay on payment of fine granted until July 11, 1924."

It is admitted, and so the statute provides, that the city court has jurisdiction of offenses committed only in the county of Salt Lake. It is to be noticed that the docket record of the city court as certified to does not show that the offense of transporting intoxicating liquors was committed in Salt Lake county, or in what county, or even in what state, such offense was committed. That is not shown by the recital of the complaint filed or by the judgment or sentence rendered, as so certified to. The complaint itself filed in the city court was not put in evidence. No document or writing or entry of any kind in the city court was put in evidence, except the certiified docket record of the proceedings just referred to. Nor was there any evidence of any kind adduced to show that the offense was committed in Salt Lake county, or in what county or state it was committed. Hence it is contended that the essential facts constituting jurisdiction of the city court were not shown, and therefore the certified copy of the record was improperly received, and, though considered in evidence, yet the evidence is insufficient to support the verdict of the jury finding the defendant guilty of the crime of a persistent violator. We think the contention must prevail. A case directly in point is the case of *State* v. *Dunn*, 44 Idaho 636, 258 P. 553, 554. Idaho had a statute similar to section 8844 of our statute. In that case the Idaho court among other things said that it was incumbent upon the state to allege

and prove as an essential element of the crime charged the previous conviction, citing cases; that in case of courts of inferior or limited jurisdiction, the rule is general that no presumption of jurisdiction exists, citing cases; and that the party relying upon a judgment of an inferior court must affirmatively prove the jurisdiction of the court over the subject matter, citing cases. Then the court further proceeds by saying that the portion of the docket material to the prior conviction was as follows: "June 23, 1926. R. E. Garrison files criminal complaint against the above-named defendant, Chris Dunn, charging said defendant with the commission of a crime against the state of Idaho, to wit: Unlawful possession of intoxicating liquor"—that "C. S. § 6474 defines matters over which the probate court has criminal jurisdiction, and expressly limits its power to render judgment in cases involving 'offenses committed within the respective counties in which such courts are established.' The docket in this case fails to disclose that the criminal complaint charged appellant with any crime committed within the county in which the probate court rendering the judgment was established. Such proof must be furnished in order to prove the previous conviction," citing cases. Then, further, said the court, that it was unnecessary to determine whether the docket may be conclusive of the jurisdiction of the probate court, since it did not so show. Upon such ground the judgment of the court below was reversed, and the case remanded.

It of course is needless to say that all necessary jurisdictional facts of the offense of the prior conviction must be shown by the record of the court in which the defendant was convicted. That was not done. For that reason the evidence is insufficient to sustain the verdict finding the defendant guilty as a persistent violator. In this connection another point is made that the judgment itself of the conviction of the prior offense was required to be in writing, and that it itself either in language or by reference to other portions of the record of the cause was

required to show the jurisdictional facts as to the offense upon which the judgment was pronounced or rendered. To support that, counsel cite the annotations in 14 A. L. R. 989, attached to the case of *Hambrick* v. *State*. There the general rule is stated that there must be a suffiicent statement or description of the offense in the judgment or by reference to other portions of the record showing the crime of which the defendant was charged and convicted, but that such description of the crime in the judgment is sufficient of it alone or in connection with the record affords ample protection against a second prosecution for the same offense. Of course some memorial of the judgment is required, but it is not essential that it be a separate document or recorded or entered as such. It is enough if it is entered in the docket or minutes of the court and subscribed by the judge or otherwise authenticated by him. But here, in what may be called the judgment: "Max Florence appeared with counsel for sentence, having been regularly set for this day. The court thereupon ordered that said defendant pay a fine of $299.00 and be confined in the county jail for 6 months. Jail sentence suspended"—there is no naming or any statement of any offense, nor any reference therein made to any other portion of the record of any offense of which the city court had jurisdiction, nor is the want of such a statement or reference aided by an inspection of any portion of the docket record certified to and put in evidence.

The views herein expressed are not as contended by the state in conflict with the case of *State* v. *Zolantakis,* 72 Utah 251, 269 P. 1006. The question involved here was not involved, presented, or considered in that case. The question there involved was more particularly whether in the there prior charged offense the city court of Salt Lake City had jurisdiction of the person of the defendant. The question of subject-matter jurisdiction was not presented or considered, nor was there anything said about it. In the Zolantakis Case, as there shown by the record, there were two defendants, Angelina Zolantakis and Peter Zolantakis. The record

there showed that the complaint filed in the city court was ordered amended by adding the name of Peter Zolantakis as a party defendant. The record recited that he was present in court with counsel; that the complaint filed in the cause was read to him; that he pleaded guilty thereto and was adjudged to pay a fine of $200. Peter appealed, urging that, while it appeared that the complaint was ordered amended making him a party defendant, yet it was not made to appear that it was in fact so amended. But the court held against the contention by stating that, as the filed complaint was ordered amended making the defendant a party, that he was present in court, that the complaint was read over to him, and that he pleaded guilty thereto, it should be presumed that the complaint was amended as ordered, and that a mere "erroneous" prior conviction would not prevent the operation of the statute "unless the court in which the prior conviction was held had no jurisdiction," and that the objections urged to the record evidence of the former conviction "were not jurisdictional," but presented questions of "regularity only." When the difference between subject-matter jurisdiction and personal jurisdiction is observed, the distinction between what was held in the Zolantakis Case and what is ruled in the case in hand is apparent.

The judgment of the court is therefore reversed, and the case remanded for a new trial.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.