HAWTHORNE, Justice.
A bill of information was filed charging that the defendant Wesley Washington operated a vehicle while under the influence of alcoholic beverage, a crime denounced by R.S. 14:98, and that the defendant was a fourth offender because of three prior convictions for this same offense. The district judge sustained a plea of prescription and dismissed the prosecution. The State has appealed.
R.S. 14:98 reads as follows :
“A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages or narcotic drugs.
“B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than eight months or both.
“On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than twelve hundred fifty dollars and shall be imprisoned for not less than one hundred *897 twenty-five days nor more than one year and three months.
“On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.
“On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten or more than thirty years.”
The offense in the instant case was charged as having been committed on March 8, 1965, and the bill of information was filed on March 17, 1965. This bill recites that the defendant had been previously convicted of driving while under the influence of alcoholic beverages on January 9, 1957, on May 1, 1957, and on May 14, 1958.
The trial judge was of the view that the previous convictions constituted a material ingredient of the present crime with which defendant was charged as a fourth offender; that R.S. 15 :7.2, the general statute of limitation upon the institution of prosecutions, was applicable here inasmuch as R.S. 14:98, under which defendant was charged, contained no provision limiting the applicability of its habitual offender clauses; that since all of the earlier convictions occurred more than six years before the institution of this prosecution, the prosecution was barred under the limitation set forth in R.S. 15 :7.2,[1]
The district judge was in error. Prior convictions do not constitute a material ingredient of the crime with which defendant was charged in the instant case or form any part of the act for which the defendant is being prosecuted. The accused is being prosecuted, and may be tried and punished, not for the previous offenses, but for the last offense, though the punishment for this last offense is enhanced because of the previous convictions. State v. Hardy, 174 La. 458, 141 So. 27; see State v. Hingle, 242 La. 844, 139 So.2d 205.
The theory upon which the trial judge sustained the plea of prescription, that the previous convictions necessarily constitute a material ingredient of the offense with which the defendant is charged so that if the prescriptive period for prosecutions has elapsed between the latest offense and the prior convictions the prosecution has prescribed, has been rejected without exception by the courts in every state where this argument has been made in habitual offender cases. State v. Parise, 117 Kan. 106, 230 P. 304; State v. Colopy, 120 Kan. 220, 242 P. 1016; State v. Buttignoni, 118 Wash. 110, 203 P. 76; Wolf v. State, 135 Ark. 574, *899 206 S.W. 39; State v. Girod, 106 W.Va. 194, 145 S.E. 269; State v. Holder, 49 Idaho 514, 290 P. 387; State v. Florence, 79 Utah 200, 8 P.2d 621; Murphy v. State, 50 Ariz. 481, 73 P.2d 110.
Since the defendant is not being prosecuted for previous offenses, he cannot be relieved from prosecution under the general statute limiting prosecutions because of the remoteness of the previous convictions, and could be relieved from the enhanced penalty only if this special statute placed a limitation upon the application of its habitual offender provisions.
Defendant argues that the court should by analogy fix a time after which prior convictions of this offense may not be used to enhance the punishment for a conviction of the offense; that the absence of any such provision in the statute under which the defendant is charged defeats the social purpose of rehabilitation inherent in habitual offender provisions, and subjects the defendant to cruel and unusual punishment in contravention of Article 1-, Section 12, of the Louisiana Constitution of 1921.'
The habitual felony law, R.S. 15 :- 529.1(C), contains the kind of limitation contended for by defendant here, for it declares that it is inapplicable in cases where more than five years have elapsed between the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last felony for which a defendant has been convicted; but this statute has no application to the instant case, and there is no basis for making it applicable by analogy. It is a general statute concerned with those who are habitual felons, whereas defendant here was charged under a special statute which deals with repetition of a specific crime and in which the Legislature has fixed no limitation whatever as to prior offenses. To accept defendant’s argument the court would have to legislate and write a period of limitation into R.S. 14:98 where none exists. The Legislature may well have placed no limitation in this special statute [2] because of the seriousness and ever increasing instances of the offense. The driving of a motor vehicle while intoxicated or under the influence of drugs constitutes one of the gravest menaces to human life and property, and the magnitude of this offense was recognized in this state as early as 1928. See State v. Glennon, 165 La. 380, 115 So. 627. “The peril threatened by the offense of driving an automobile while intoxicated is so great and so imminent that only severe punishment can be deemed adequate to restrain it * * 8 Blashfield, Cyclopedia *901 of Automobile Law and Practice, sec. 5S10, p. 602; see also Campbell, Courts and Prosecutors Are the Weak Link in Preventing Drunken Driving, 46 Am. Bar Ass’n J. 43.
The Legislature in its discretion appears to have determined that protection of the public from the repeater drunken driver is so grave and important a matter that it is immaterial how far removed in time the offenses may be from each other. This discretion vested in the Legislature should not be interfered with by the courts.
For the reasons assigned the judgment sustaining the plea of prescription and dismissing the prosecution is annulled and set aside, and the case is remanded to the district court for further proceedings.

. R.S. 15:7.2 provides:
“No person shall be prosecuted, tried or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed :
“ (1) Six years, for a felony necessarily punishable by imprisonment at hard labor * * *•”

. There are statutes denouncing specific offenses in -which the penalties are enhanced in subsequent convictions for the-same offense but in which the Legislature has placed a time limitation upon the application of the prior convictions to enhance the punishment for subsequent convictions. See R.S. 14 :94, 14 :9o.